*17*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**United States District Court**
**Southern District of Texas**
**FILED**

APR 3 0 2003

**Michael N. Milby**
**Clerk of Court**

| | | |
|---|---|---|
| DAVID HINDS | § | |
| | § | |
| V. | § | CIVIL ACTION NO: B-02CV111 |
| | § | |
| WARDEN DAVID FORREST, ET AL | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

### TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Warden David Forrest, Unit Health Administrator LouAnn Collins and Unit M.D. Dr. Desai and file this their Motion for Summary Judgment and Brief in Support. Pursuant to FED. R. CIV. P. 56(b), Defendants respectfully move this Court to grant summary judgment in their favor because there is no genuine issue as to any material fact and they are entitled to summary judgment as a matter of law. In support of this motion, Defendants respectfully show the Court the following:

**I.**

**SUMMARY**

In the instant case, the Plaintiff complains that his constitutional rights were violated when he was denied proper medical care by the Defendants while incarcerated at the Willacy State Jail Facility where he was serving his sentence as a convicted felon.

**II.**

**SUMMARY JUDGMENT EVIDENCE**

The following evidence is offered in support of this Motion for Summary Judgment:

1.    Exhibit A - Affidavit of Dr. Genak Desai

2.    Exhibit B - Affidavit of Warden David Forrest

3.    Exhibit C - Affidavit of Lou Ann Collins with attached medical records.

III.

## UNDISPUTED MATERIAL FACTS AND SUMMARY JUDGMENT FACTS

### A.    Facts contained in the Affidavit of Dr. Desai

Dr. Desai is the medical doctor assigned to the Willoughby State Jail Facility. *Affidavit of Dr. Genak Desai*, attached hereto as Exhibit "A." Dr. Desai has examined the relevant medical records relating to Mr. Hines. *Id.* Based on these records and his own personal knowledge, on January 30, 2002, Mr. Hinds complained of ankle pain associated with playing basketball. *Id.* He was seen in Triage by the nursing staff within twenty minutes of the injury. *Id.* He complained of a similar injury to the same area approximately one month before the January 30, 2002 injury. *Id.* Dr. Desai was notified of the incident at that time, and he told the staff to set up x-rays, apply an ace wrap to the left ankle, provide the inmate with crutches, apply ice to the area for 24 hours, prescribe Tylenol for pain and stay in from recreation for three months. *Id.* X-rays were taken of Mr. Hines' left ankle, and the x-rays were normal. *Id.* The x-rays were reviewed and interpreted by Dr. Harry Batters, M.D. *Id.*

Mr. Hinds then requested to see a doctor on January 1, 2002. *Id.* He was seen by Dr. Desai that day. *Id.* In addition to the treatment noted above, Mr. Hines was taken off of work for three months. *Id.*

On February 13, 2002, Mr. Hinds again complained of left ankle pain, and Dr. Desai examined him that same day. *Id.* No swelling or tenderness was found during the examination, and the examination of the ankle was normal. *Id.*

On March 27, 2002, Mr. Hinds again complained of left ankle pain and also complained of foot pain. *Id.* Dr. Desai again examined Mr. Hinds. *Id.* There was no

swelling or deformity found during the examination. *Id.* His gait was normal and he was able to bear weight on the ankle. *Id.* The examination of the ankle was normal. *Id.*

On April 9, 2002, Mr. Hinds complained that he had misplaced his ankle brace and arch support. *Id.* The items could not be located, and he was given another ankle brace and arch support by J. Medina, a licensed vocational nurse at the facility. *Id.*

On April 11, 2002, Mr. Hinds again complained of left ankle pain. *Id.* Dr. Desai examined him again and found that there was no swelling. *Id.* His range of motion was normal and there was no fracture or dislocation. *Id.* At that time there was no indication for any medication. *Id.* The examination of the ankle was normal. *Id.*

On April 23, 2002, Mr. Hinds again complained of left ankle pain. *Id.* Dr. Desai examined him again on April 24, 2002. *Id.*

On May 17, 2002, Mr. Hinds again complained of left ankle pain. *Id.* Dr. Desai was on vacation at that time, so Mr. Hinds was examined by Dr. J.D. Thompson, M.D. *Id.* Dr. Thompson noted that his previous x-ray was normal. *Id.* Dr. Thompson examined Mr. Hinds left ankle, and there was no swelling. *Id.* Mr. Hinds had full range of motion. *Id.* Dr. Thompson noted that there was no need to add any additional restrictions and prescribed ibuprofen for ten days. *Id.* That concludes Mr. Hinds medical history at the Willacy unit for complaints relating to his left ankle and/or foot. *Id.*

The medical treatment of Mr. Hinds was very reasonable. *Id.* The medical treatment by the medical staff, as noted in the medical records, was very reasonable. *Id.* The treatment provided to Mr. Hinds comported with the proper standard of care from a medical doctor for an injury of that nature. *Id.* No one at the facility, including Dr. Desai, was deliberately indifferent to any serious medical needs of Mr. Hinds. *Id.* In Dr. Desai's

professional opinion, Mr. Hinds received excellent medical care for his ankle condition while at the Willacy facility. *Id.*

**B.      Facts contained in the Affidavit of Warden David Forrest**

Mr. Forrest is the Warden of the M. Willacy State Jail. *Affidavit of Warden David Forrest*, attached hereto as Exhibit "B." Mr. Forrest has been the head warden of this facility since March 1999.

The facility averages one thousand sixteen inmates (1016) inmates. *Id.* On medical staff at the present time, the facility has one full time physician, an HSA (health services administrator), seven registered nurses, seven LVNs, several dental technicians and two records clerks, as well as a contract dentist and a contract mental health professional. *Id.* There is medical staff on duty constantly at the facility. *Id.* An inmate can fill out a slip for sick call whenever he has a need, and the sick call slips are picked up daily. *Id.* Additionally, an inmate can do a "walk-in" where he receives immediate attention. *Id.*

Warden Forrest had no personal involvement in to the medical care provided to David W. Hinds. *Id.* This facility does not have a policy, custom or practice of denying inmates their constitutional rights. *Id.* The facility staff was not deliberately indifferent to any serious medical needs of Mr. Hinds. *Id.*

Warden Forrest reviewed the Step 1 and Step 2 grievance procedures, and Mr. Hinds' grievances, in his professional opinion, were properly denied. *Id.* Warden Forrest decided the Step 1 Grievance, and the Step 2 Grievance was decided by a TDCJ Grievance Board. *Id.* Based on his review of the grievances, Warden Forrest believed at the time, and still believes, that medical care was good and reasonable in this situation. *Id.*

The medical staff at Willacy is a very well qualified staff. *Id.* The physicians that examine and treat the inmates are properly educated and duly licensed physicians in the State of Texas. *Id.* All of the nurses on staff are properly educated and duly licensed. *Id.*

**C.    Facts contained in the Affidavit of Lou Ann Collins**

Ms. Collins was the Health services administrator at the facility where Mr. Hinds was confined during the relevant time period at issue in this case. *Affidavit of Lou Ann Collins*, attached hereto as Exhibit "C." Ms. Collins is a duly licensed registered nurse. *Id.* Ms. Collins has been the Health Services Administrator at the facility for seven years. *Id.*

Ms. Collins has examined the relevant medical records of Mr. Hines. *Id.* The records document the following events: On January 30, 2002, Mr. Hinds complained of ankle pain associated with playing basketball. *Id.* He was seen in Triage by the nursing staff within twenty minutes of the injury. *Id.* He complained of a similar injury to the same area approximately one month before the January 30, 2002 injury. *Id.* Dr. Desai was notified of the incident at that time, and he told the staff to set up x-rays, apply an ace wrap to the left ankle, provide the inmate with crutches, apply ice to the area for 24 hours, prescribed Tylenol for pain and advised the inmate to stay in from recreation for three months. *Id.* X-rays were taken of Mr. Hinds left ankle, and the x-rays were normal. *Id.* The x-rays were reviewed and interpreted by Dr. Harry Batters, M.D. *Id.* Mr Hinds requested to see a doctor on January 1, 2002. *Id.* He was seen by Dr. Desai that day. *Id.* In addition to the treatment noted above, he was taken off of work for three months. *Id.*

On February 13, 2002, Mr. Hinds again complained of left ankle pain, and Dr. Desai examined him that same day. *Id.* No swelling or tenderness was found during the examination, and the examination of the ankle was normal. *Id.*

On March 27, 2002, Mr. Hinds again complained of left ankle pain and also complained of foot pain. *Id.* Dr. Desai again examined Mr. Hinds on that date. *Id.* There was no swelling or deformity found during the examination. *Id.* Mr. Hinds' gait was normal and he was able to bear weight on the left ankle. *Id.* The examination of the left ankle was normal. *Id.*

On April 9, 2002, Mr. Hinds complained that he had misplaced his ankle brace and arch support. *Id.* The items could not be located, and he was given another ankle brace and arch support by J. Medina, a licensed vocational nurse at the facility. *Id.*

On April 11, 2002, Mr. Hinds again complained of left ankle pain. *Id.* Dr. Desai examined Mr. Hinds again and found that there was no swelling. *Id.* Mr. Hinds range of motion was normal and there was no fracture or dislocation. *Id.* At that time, there was no indication for any medication. *Id.* The examination of the ankle was normal. *Id.*

On April 23, 2002, Mr. Hinds again complained of left ankle pain. *Id.* Dr. Desai examined Mr. Hinds again on April 24, 2002. *Id.*

On May 17, 2002, Mr. Hinds again complained of left ankle pain. *Id.* Dr. Desai was on vacation at that time, so he was examined by Dr. J. D. Thompson, M.D. *Id.* Dr. Thompson noted that his previous x-ray was normal. *Id.* Dr. Thompson examined Mr. Hinds left ankle, and there was no swelling. *Id.* Mr. Hinds had full range of motion in his left ankle. *Id.* Dr. Thompson noted that there was no need to add any additional restrictions and prescribed ibuprofen for ten days. *Id.* That concluded Mr. Hinds medical history at this facility for complaints relating to his left ankle and/or foot. *Id.*

Dr. Desai's medical treatment of Mr. Hines was very reasonable. *Id.* The medical treatment by the medical staff, as noted in the medical records, was very reasonable. *Id.* The medical treatment provided by Dr. Thompson was very reasonable. *Id.* The treatment

provided to Mr. Hinds comported with the proper standard of care from a medical doctor for an injury of this nature. *Id.* No one at the facility, including Ms. Collins, was deliberately indifferent to any serious medical needs of Mr. Hinds. *Id.* In Ms. Collins' professional opinion, Mr. Hinds received excellent medical care for this condition while at the facility. *Id.*

The documents attached to Ms. Collins' affidavit are the relevant medical records in this case. *Id.* Ms. Collins is one of the custodians of the medical records at the facility. *Id.* These records are maintained in the ordinary course of business by the facility. *Id.* These records are the medical records normally maintained by the facility. *Id.* The records were made at or near the time that the events occurred and were made by people with personal knowledge of such events. *Id.* The records were copied prior to Mr. Hinds transfer from this facility. *Id.* The original records were transferred with the inmate, which is the ordinary practice in TDCJ facilities. *Id.* The original records always follow the inmate while he is incarcerated within the TDCJ system. *Id.*

### IV.

### ISSUES TO BE DECIDED

1. Whether or not Plaintiff's constitutional rights were violated.

2. Whether or not the individual defendants are entitled to qualified immunity.

### V.

### SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

of material fact and that the moving party is entitled to judgment as a matter of law."[1]  The

party seeking summary judgment bears the initial burden of informing the court of the basis

for its motion and identifying those portions of the pleadings, depositions, answers to

interrogatories, admissions on file, and affidavits, if any, which they believe demonstrate

the absence of a genuine issue of material fact.[2]  The moving party, however, need not

negate the elements of the non-movant's case.[3]

Once a proper motion has been made, the non-moving party may not rest upon

mere allegations or denials in the pleadings, but must present affirmative evidence, setting

forth specific facts to show the existence of a genuine issue for trial.[4]  All evidence must

be construed in the light most favorable to the non-moving party.[5]  The non-movant's

burden is not satisfied by "some metaphysical doubt as to material facts, conclusory

allegations, unsubstantiated assertions, speculation, the mere existence of some alleged

factual dispute, or only a scintilla of evidence."[6]

---

[1] FED. R. CIV. P. 56(c).

[2] See Celotex Corp v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986); Colson v. Grohman, 174 F.3d 498, 506 (5th Cir. 1999).

[3] See Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[4] See Celotex Corp., 477 U.S. at 322-23; Anderson, 477 U.S. at 257; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S. Ct. 1348 (1986); Colson, 174 F.3d at 506; Wallace, 80 F.3d at 1047; Little, 37 F.3d at 1075.

[5] Williams v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir. 1996); see Colson, 174 F.3d at 506; Messer v. Meno, 130 F.3d 130, 134 (5th Cir. 1997), cert. denied, 525 U.S. 1067 (1999); Hart v. O'Brien, 127 F.3d 424, 435 (5th Cir. 1997), cert. denied, 525 U.S. 1103 (1999).

[6] Little, 37 F.3d at 1075; see Hart, 127 F.3d at 435; Wallace, 80 F.3d at 1047.

# VI.

## ARGUMENT AND AUTHORITIES

### A.   Defendants were not deliberately indifferent to any serious medical needs of Plaintiff.

To prevail on an Eighth Amendment claim for deprivation of medical care, a prisoner must prove that care was denied and that such denial constituted a "deliberate indifference to serious medical needs, constituting unnecessary and wanton infliction of pain." *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985) (citing *Estelle v. Gamble*, 97 S. Ct., 285, 291 (1976)).   In *Estelle v. Gamble*, Mr. Gamble complained repeatedly to prison authorities of severe pains in his back, chest, arms and legs. *Estelle*, 97 S. Ct. at 288-89. Additionally, he complained of "blank outs." *Id.* at 288-89.   Despite his repeated complaints, Gamble was only given examinations in the prison infirmary, pain pills and muscle relaxants for months. *Id.* at 288-89. After continuing his complaints in the face of disciplinary action for shirking work, Gamble was placed in administrative segregation and given quinidine as treatment for irregular cardiac rhythm. *Id.* at 288-89. Although Gamble had repeatedly made known his subjective feelings of substantial pain to prison officials, the district court dismissed Gamble's complaint for failure to allege facts sufficient to support a conclusion of deliberate indifference. *Id.* at 288-89. The Fifth Circuit Court of Appeals reversed and remanded the case with instructions to reinstate the complaint. *Id.* at 293. The Supreme Court then reversed the Fifth Circuit and held that the district court's decision should have been affirmed as it related to the claim for deprivation of medical care. *Id.* at 293.

In the wake of *Estelle v. Gamble*, the Fifth Circuit has held that to state a claim alleging deliberate indifference to serious medical needs of a prisoner, a plaintiff must

plead facts showing an unnecessary and wanton infliction of pain prescribed by the Eighth

Amendment. *See Johnson*, 759 F.2d at 1238. The facts underlying a claim of deliberate

indifference must clearly evidence the medical need in question and the alleged official

dereliction. *Id.* at 1238 (citing *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981)). The legal

conclusion of deliberate indifference, therefore, must rest on facts clearly evidencing

wanton actions on the part of the defendants. *Id.* at 1238. As stated in Johnson, the

Supreme Court defined the common law meaning of wanton in some detail:

> Wanton means reckless -- without regard to the rights of others . . ..
> Wantonly means causelessly without restraint, and in reckless disregard to
> the rights of others. Wantonness is defined as a licentious act of one man
> towards the person of another, without regard to his rights; it has also been
> defined as a conscious failure of one charged with the duty to exercise due
> care and diligence to prevent an injury after the discovery of the peril, or
> under circumstances where he is charged with the knowledge of such peril,
> and being conscious of the inevitable or probable results of such failure.

*Id.* at 1238; *see also Walker v. Butler*, 967 F.2d 176 (5th Cir. 1992). Finally, mere

negligence, neglect, or medical malpractice is insufficient to state a claim. *Graves v.

Hampton*, 1 F.3d 315 (5th Cir. 1993); *Mendoza v. Lynaugh*, 889 F.2d 191 (5th Cir. 1993);

*Field v. Bosshard*, 590 F.2d 105 107 (5th Cir. 1979). As stated in *Ruiz v. Estelle*, 679 F.2d

1115, 1149 (5th Cir. 1982), *cert. denied*, 103 S. Ct. 1438 (1983):

The Constitution does not command that inmates be given the kind of medical

attention that judges would wish to have for themselves, nor the therapy that Medicare or

Medicaid provide for the aged or needy. It prohibits only deliberate indifference to serious

medical needs. *Id.* at 1149.

Moreover, a delay in medical care can only constitute an eighth amendment

violation if there has been deliberate indifference, which results in substantial harm.

*Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff must establish both of these crucial elements to defeat a motion for summary judgment. *See id.*

Simple disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Varnado v. Lynaugh*, 920 F. 2d 320 (5th Cir. 1991). Even if the jail medical staff committed malpractice in dealing with an inmate's medical needs, this would not suffice to state a constitutional claim. *Varnado*, 920 F.2d at 323. Likewise, differing medical opinions, and even negligent medical attention, without more, do not support a claim under 42 U.S.C. Section 1983. *Burrell v. Griffith*, 158 F.R.D. 104, (E.D. Tex. 1994). Stated simply, a disagreement between an inmate and his or her physician concerning whether certain medical care was appropriate is not actionable under 42 U.S.C. Section 1983. *Vanuelos v. McFarland*, 41 F.3d 232 (5th Cir. 1995).

As in the instant case, as authorized by the Fifth Circuit, medical records of sick calls, examinations, diagnoses, and medications are used to rebut the inmate's allegations of deliberate indifference to serious medical needs. *Vanuelos v. McFarland*, 41 F.3d 232 (5th Cir. 1995).

In the case at bar, the undisputed evidence establishes that Plaintiff received medical care of a very high quality. Clearly, Plaintiff cannot establish deliberate indifference to any serious medical needs. Indeed, Plaintiff did not have a serious medical need. Plaintiff was seen promptly upon request and examined and evaluated promptly. Three doctors were involved in his examination and treatment – Dr. Desai, Dr. Thompson and Dr. Batters. Dr. Desai saw Mr. Hinds and diagnosed him with a sprain type injury to

his left ankle, for which he prescribed appropriate care. Dr. Batters reviewed Mr. Hinds x-rays and diagnosed his ankle as normal, i.e. no fractures or other abnormalities. Dr. Desai and Dr. Thompson saw the Plaintiff subsequent to the initial injury, and their findings indicated that plaintiff had no continuing problems – all tests and examinations were negative for any objective findings or signs of continuing problems with his ankle or foot. Plaintiff simply disagrees with the diagnosis of the doctors involved in his care on this matter and the treatment prescribed by the doctors. As for Warden Forrest and Nurse Collins, they had no personal involvement in Plaintiff's treatment, so they, of course, have no potential liability. Plaintiff's claim is patently frivolous in light of the existing law and the undisputed facts.

**B.    The Individual Defendants are Entitled to Qualified Immunity**

As with any claim asserted against a government employee or official, the first line of defense is the affirmative defense of immunity from suit, either absolute or qualified.

The modern doctrine of immunity, either qualified or absolute, is the result of explicit judicial balancing of adverse interests which are implicated in suits brought by private persons allegedly injured by the acts of public officials. *See Butz v. Economou*, 98 S. Ct. 2909, 2912 (1978). On one hand, there is the private desire to obtain redress from governmentally imposed injuries; as well as, the public interest in both punishment and deterrence of official wrongdoing. *Id.* On the other hand, there is the public aim of shielding officials from liability so that they do not become overly cautious in the performance of their duties. *See Harlow v. Fitzgerald*, 102 S. Ct. 2727, 2736-38 (1982); *Butz,* 98 S. Ct. at 2909-12; *see also The Supreme Court*, 1981 Term, 96 Harv. L. Rev. 4,

229 (1982); *Schuck, Suing Our Servants*:  The Court, Congress, and the Liability of Public Officials for Damages, 1980 Sup. Ct. Rev. 281, 281-85 (1980).

As courts have weighed the conflicting values inherent to the immunity concept, the courts have acknowledged that the scales do not always tip evenly.  *Butz*, 98 S. Ct. at 2909-12.  For those officials whose governmental functions are especially sensitive or whose constitutional status requires complete protection from suit, the Supreme Court has recognized an absolute immunity defense. *Eastland v. United States Servicemen's Fund*, 95 S. Ct. 1813, 1821 (1975)(legislators have absolute immunity for acts in their legislative capacity); *Stamp v. Sparkman*, 98 S. Ct. 1099, 1108 (1978)(judges have absolute immunity for acts in their judicial capacity); *Imbler v. Pachtman*, 96 S. Ct. 984, 994-95 (1976)(prosecutors have absolute immunity for acts in initiating and pursuing a prosecution); *Butz*, 98 S. Ct. at 2912.  (other executive officers have absolute immunity for performing prosecutorial or adjudicative functions); *Nixon v. Fitzgerald*, 102 S. Ct. 2690, 2704 (1982)(The President of the Unites States is protected by absolute immunity).

Officials whose functions do not require complete insulation from liability, such as the officials involved in the instant case, are not protected by the doctrine of absolute immunity.  *Butz*, 98 S. Ct. at 2909-12.  Instead, these individuals have been accorded a qualified immunity.  *Id.*  (qualified immunity recognized for certain Executive Branch officials); *Scheuer v. Rhodes*, 94 S. Ct. 1683, 1692-93 (1974)(qualified immunity recognized for governors and their aides); *Pierson v. Ray*, 87 S. Ct. 1213, 1218-19 (1967)(qualified immunity recognized for police officers).

Prior to 1982, the court utilized a two-prong, subjective/objective test for qualified immunity.  *See Wood v. Strickland*, 95 S. Ct. 992, 1000-01 (1975).  Under this test, public

officials had the burden of proving their good faith. *See id.* Many courts, under this test, considered the subjective element to be a question of fact, and this approach was criticized in *Harlow v. Fitzgerald*, 102 S. Ct. 2727, 2737-38 (1982). The court reasoned that this approach was not workable because, in part, substantial costs were being accumulated to litigate the subjective good faith of governmental officials. *Id.* These costs included the risk of trial, distraction of officials from their governmental duties, inhibition of discretionary actions, and deterrence of able people from entering public service. *Id.* at 2737.

As a result of the hardships under the subjective/objective test, the Supreme Court eliminated the subjective element of the qualified immunity test. *Id.* at 2738. The Court concluded that utilizing the new standard would allow many claims to be resolved by summary proceeding. *Id.* at 2738-39.    As a general rule, under the doctrine of qualified immunity, government officials are shielded from liability as long as their actions can reasonably be thought consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 107 S. Ct. 3034, 3038 (1987). In other words, government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable officer would have known. *Harlow*, 102 S. Ct. at 2738. For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable person would understand that what he was doing would violate that right. *Melear v. Spears*, 862 F.2d 1177, 1183 (5th Cir. 1989).

In addition to the fact that the Plaintiff is not able to state a potential constitutional violation, even if the Plaintiff had been able to state such a violation, the individual

Defendants are all entitled to qualified immunity from suit, since they did not violate clearly established constitutional rights of which a reasonable official would have known.

## VII.

### CONCLUSION

In conclusion, the undisputed summary judgment evidence clearly establishes that Plaintiff received not only reasonable medical care, but excellent medical care while he was at the facility. He was promptly seen by medical staff and treated appropriately in every situation. The fact that Plaintiff may have preferred some other type of medical treatment, or the fact that he disagreed with the medical treatment provided is not sufficient to establish any type of constitutional claim. Finally, even if Plaintiff could establish a constitutional violation, Defendants are entitled to qualified immunity from suit. Plaintiff's claims, therefore, must be dismissed with prejudice to refiling.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that Plaintiff's claims be dismissed with prejudice to re-filing and that Defendants recover their attorney's fees and costs of Court, pursuant to 42 U.S.C. 1988, and for any and all other relief, at law and in equity, to which Defendants my show themselves justly entitled.

Respectfully submitted,

FLOWERS DAVIS, P.L.L.C.
815 Rice Road
Tyler, Texas 75703
(903) 534-8063
(903) 534-1650 Facsimile

ROBERT S. DAVIS  *(by permission)*
State Bar No. 05544200
Southern District No. 27598
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon the following counsel of record in the above entitled and numbered cause this the _29th_ day of April, 2003, by Certified Mail, Return Receipt Requested to:

> David Hinds
> *Pro Se*
> #923348
> Willacy County State Jail
> 1695 South Buffalo Drive
> Raymondville, Texas 78580

_Robert S. Davis_ (by permission)

**ROBERT S. DAVIS**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DAVID HINDS                              §
                                         §
V.                                       §    CIVIL ACTION NO: B-02CV111
                                         §
WARDEN DAVID FORREST, ET AL              §
                                         §

## AFFIDAVIT OF LOU ANN COLLINS

STATE OF TEXAS          §
                        §    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF Willacy       §

Before me, the undersigned authority, on this day personally appeared Lou Ann Collins, who, being by me first duly sworn, according to law, upon her oath deposed and stated as follows:

"My name is Lou Ann Collins, and I am over the age of eighteen (18), I have never been convicted of a felony or crime involving moral turpitude, and I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I am the Health services administrator at the facility where Mr. Hinds was confined during the relevant time period at issue in this case. I am a duly licensed registered nurse. I graduated from Durham College of Applied Arts and Science in Ontario, Canada in 1981. I completed my post graduate studies in mental health at Durham College of Applied Arts and Science in Ontario, Canada in 1984. I have been a licensed registered nurse in Texas since 1992. I have been the Health Services Administrator at this facility for seven years.

*Page 1 of 4*



"I have examined the relevant medical records of Mr. Hinds. These records document the following events. On January 30, 2002, Mr. Hinds complained of ankle pain associated with playing basket ball. He was seen in Triage by the nursing staff within twenty minutes of the injury. He complained of a similar injury to the same area approximately one month before the January 30, 2002 injury. Dr. Desai was notified of the incident at that time, and he told the staff to set up x-rays, apply an ace wrap to the left ankle, provide the inmate with crutches, apply ice to the area for 24 hours, prescribed Tylenol for pain and advised the inmate to stay in from recreation for three months. X-rays were taken of Mr. Hinds left ankle, and the x-rays were normal. The x-rays were reviewed and interpreted by Dr. Harry Batters, M.D. Mr Hinds requested to see a doctor on January 1, 2002. He was seen by Dr. Desai that day. In addition to the treatment noted above, he was taken off of work for three months.

"On February 13, 2002, Mr. Hinds again complained of left ankle pain, and Dr. Desai examined him that same day. No swelling or tenderness was found during the examination, and the examination of the ankle was normal. On March 27, 2002, Mr. Hinds again complained of left ankle pain and also complained of foot pain. Dr. Desai again examined Mr. Hinds on that date. There was no swelling or deformity found during the examination. Mr. Hinds' gait was normal and he was able to bear weight on the left ankle. The examination of the left ankle was normal. On April 9, 2002, Mr. Hinds complained that he had misplaced his ankle brace and arch support. The items could not be located, and he was given another ankle brace and arch support by J. Medina, a licensed vocational nurse at the facility. On April 11, 2002, Mr. Hinds again complained of left ankle pain. Dr. Desai examined Mr. Hinds again and found that there was no swelling. Mr. Hinds

range of motion was normal and there was no fracture or dislocation. At that time, there was no indication for any medication. The examination of the ankle was normal.

"On April 23, 2002, Mr. Hinds again complained of left ankle pain. Dr. Desai examined Mr. Hinds again on April 24, 2002. On May 17, 2002, Mr. Hinds again complained of left ankle pain. Dr. Desai was on vacation at that time, so he was examined by Dr. J. D. Thompson, M.D. Dr. Thompson noted that his previous x-ray was normal. Dr. Thompson examined Mr. Hinds left ankle, and there was no swelling. Mr. Hinds had full range of motion in his left ankle. Dr. Thompson noted that there was no need to add any additional restrictions and prescribed ibuprofen for ten days. That concludes Mr. Hinds medical history at this facility for complaints relating to his left ankle and/or foot.

"Dr. Desai's medical treatment of Mr. Hinds was very reasonable. The medical treatment by the medical staff, as noted in the medical records, was very reasonable. The medical treatment provided by Dr. Thompson was very reasonable. The treatment provided to Mr. Hinds comported with the proper standard of care from a medical doctor for an injury of this nature. No one at the facility, including myself, was deliberately indifferent to any serious medical needs of Mr. Hinds. In my professional opinion, Mr. Hinds received excellent medical care for this condition while at the facility.

"The documents attached hereto are the relevant medical records in this case. I am one of the custodians of the medical records at this facility. These records are maintained in the ordinary course of business by this facility. These records are the medical records normally maintained by this facility. These records were made at or near the time that the events occurred and were made by people with personal knowledge of such events. These records were copied prior to Mr. Hinds transfer from this facility. The original records were transferred with the inmate, which is the ordinary course of events in TDCJ

facilities. The original records always follow the inmate while he is incarcerated within the

TDCJ system.

"Further Affiant sayeth not."

Lou Ann Collins R.N. HSA.
Lou Ann Collins

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Lou Ann Collins, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 29th day of April, 2003.

EVANGELINE GUTIERREZ
Notary Public, State of Texas
My Commission Expires
November 25, 2006

Notary Public - State of Texas

*Page 4 of 4*

```
NAME: HINDS,DAVID WASHINGTON        DOB: 11/06/1978      P U L H E S
TDCJ#: 00923348 SID#: 05691743      WGT: 168 LBS        -------------
UNIT: WI      HOUSING: H2C-016      HGT: 5'10"          |3|1|1|1|1|1|1|
JOB: JANITOR HSNG H2C 2ND                               |G|A|A|A|A|A|A|
                                                        |P| | | | | |
                                                        -------------
```

I.  UNIT OF ASSIGNMENT (CHECK ONE)
    X  A. NO RESTRICTION                     __ E. BARRIER-FREE FACILITY
    __ B. REGIONAL MEDICAL FACILITY          __ F. SINGLE LEVEL FACILITY
    __ C. EXTENDED CARE FACILITY             SUITABLE FOR TRUSTEE CAMP ASSIGNMENT?X YES__NO
    __ D. PSYCHIATRIC CARE FACILITY          SUITABLE FOR SAIP FACILITY?        X YES__NO

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)                 B. BUNK ASSIGNMENT (CHECK ONE)
    X  1. NO RESTRICTION                     __ 1. NO RESTRICTION
    __ 2. SINGLE CELL ONLY                   00 2. LOWER ONLY
    __ 3. DOUBLE CELL ONLY
    __ 4. SPECIAL HOUSING (HOUSING WITH      C. ROW ASSIGNMENT (CHECK ONE)
          PATIENT WITH LIKE MEDICAL CONDITION    X  1. NO RESTRICTION
    __ 5. CELL BLOCK ONLY                     __ 2. GROUND FLOOR ONLY

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
    90 1. MEDICALLY UNASSIGNED               __ 15.NO FOOD SERVICE
    __ 2. PSYCHIATRICALLY UNASSIGNED         __ 16.NO REPETITIVE USE OF HANDS
    __ 3. SEDENTARY WORK ONLY                __ 17.NO WALKING ON WET UNEVEN SURFACES
    __ 4. FOUR HOUR WORK RESTRICTION         __ 18.DO NOT ASSIGN TO MEDICAL
    __ 5. FOUR HOUR LIMITED WORK RESTRICTION 00 19.NO WORK IN DIRECT SUNLIGHT
    __ 6. EXCUSE FROM SCHOOL                 __ 20.NO TEMPERATURE EXTREMES
    __ 7. LIMITED STANDING                   __ 21.NO HUMIDITY EXTREMES
    __ 8. NO WALKING > ___ YARDS             __ 22.NO EXPOSURE TO ENVIRONMENTAL POLLUTANTS
    00 9. NO LIFTING > 050 LBS.              __ 23.NO WORK WITH CHEMICALS OR IRRITANTS
    __ 10.NO BENDING AT WAIST                __ 24.NO WORK REQUIRING SAFETY BOOTS
    __ 11.NO SQUATTING                       00 25.NO WORK AROUND MACHINES WITH MOVING PARTS
    00 12.NO CLIMBING                        __ 26.NO WORK EXPOSURE TO LOUD NOISES
    __ 13.LIMITED SITTING                    __ 27.NO WORK REQUIRING COMPLEX INSTRUCTIONS
    __ 14.NO REACHING OVER SHOULDER

IV. DISCIPLINARY PROCESS (CHECK ONE)
    X  A. NO RESTRICTIONS
    __ B. CONSULT REPRESENTATIVE OF MENTAL HEALTH DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION
    __ C. CONSULT REPRESENTATIVE OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL THAT APPLY)
    X  A. NO RESTRICTION                     __ C. PSYCH REPRESENTATIVE REQUIRED
    __ B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
    X  A. NO RESTRICTION                     __ C. WHEELCHAIR VAN
    __ B. EMS AMBULANCE                      __ D. VAN (SOUTHERN REGION ONLY)

J. DESAI MD      MD        02/01/2002    _____
PRINTED NAME AND TITLE OF REVIEWER    DATE        SIGNATURE OF REVIEWER

HSM-18(REV.07/01)

**WLC**

WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

**ALLERGIES:** NKDA                                   **SITE:** WILLACY

| Date/ Time: | Inmate Name: Nevids, David W.  TDC#: 923348  DOB: 11 06 178 |
|---|---|
| 6-1-02 0200 | NSCtt 3435 binged — To bese tooth hurting terribly "cried" refer to Nurse 6/1/02 for eval. H Cortez |
| 6-1-02 | 1022 Called by C.O. Tamez. C.O. States Inmate refuses to come — R Almay-Re |
| 6-4-02 0435 | Blood drawn PO inadequate Venure in turn M. Cortez |

25765

| DATE/TIME | S.) CHIEF COMPLAIN | ALLERGIES: _NADA_ |
|---|---|---|
| ·5/28/02 | _superficial Abrasion TO_ _Lt Anterior Forearm_ | |
| 1510 | **How did injury occur:** _Scratched by another officer_ **Where:** _HI Side Rec_ **When:** _14:35_ | |
| | **First aid initiated:** _yes, in medical_ | |
| **Circle one:** | **Medications:** _Tegretol_ | |
| **sick call** | **Last tetanus shot:** _6/8/00_ | |
| **(walk-in)** | | |
| **self ER** | **O.) BP=** _100/70_    **P=** _80_    **R=** _14_    **T=** _99.4_    **WT=** _149 #_ | |
| **true ER** | **Respiratory rhythm:** _Regular_    **Lung sounds:** _Clear, Bilateral_ | |
| **accident** | **Heart sounds:** _Regular_ | |
| | **Location of wound:** _Lt Anterior Forearm_    **Bruising:** _None_    **Range of motion:** _active_ | |
| | **Amount of bleeding:** _None_    **Redness:** _Slight_    **Edema:** _None_ | |
| | **Depth, length, width of wound:** _D = superficial, L = ≈ 4", width = ≈ 1 cm_ | |
| | **Contamination of wound (particles, dirt, etc):** _None_ | |
| | **Drainage other than blood (describe color, amt, odor):** _None_ | |
| | **Skin** *(distal to injury):* (normal) (warm/pink/dry) / pale/ flushed/ cyanotic/ mottled/ diaphoretic/ cool: | |
| | **Capillary refill** *distal to injury:* _< 2 sec_    **Peripheral pulses** *distal to injury:* _present_ | |
| | **If head injury:** mental status & orientation: _N/A_ | |
| | **Pupils:** _PERL_    **Gait:** _Normal_ | |
| | **Overall appearance:** (no acute distress) mild distress / moderate distress / severe distress | |
| | **A.)** _Alteration in Skin Integrity R/T S/Sx_ | |
| | **P.)** Elevate extremity and apply direct pressure dressing to control bleeding: _No_, _N/A_ | |
| |     Control swelling by applying cold compresses/ice packs for 24 hrs (on 45 min/ off 15): _No_ | |
| |     Oxygen at 4 L/min via nasal cannula if respiratory distress: | |
| |     Give Aspirin or Acetaminophen 325 mg, two tablets tid p.o. prn pain x 7 days : _No_ | |
| |     or  Ibuprofen 200 mg, two tablets tid p.o. prn pain x 7 days: _No_ | |
| | For superficial wounds:  Clean with soap and water or Betadine: _Yes_ | |
| |     Steri-strip if needed (#): _No_ | |
| |     Apply antibiotic ointment & dressing if indicated: _Yes_ | |
| | *If severe pain, bleeding, involvement of joint, head injury, or severe/deep or contaminated wound, or sutures or tetanus* | |
| | *shot is required, notify physician for specific orders:* _N/A_ | |
| | | |
| | | |
| | Issue pass for follow-up until healed: _No_    Referral to physician: _No_ | |
| | **E.)**  Instructed patient to avoid heavy lifting, strenuous work/sports activity until problem resolved, to resume activity | |
| |     *gradually*, and return to medical if problem persists or worsens, or if signs of infection appear: _Yes_ | |
| | Instructed to keep wound clean and dry: _Yes_ | |
| | Instructed to avoid contact with balm/ointment in or around the eyes: _Yes_ | |
| | Inmate verbalized understanding: _Yes_ | |

NAME _Hinds, David_

NUMBER _9 2 33 4 8_

DOB _11/6/78_

NURSING SIGNATURE _J Selim RN_

_Verbal 5/28/02 1525_

WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

**ALLERGIES:** *NKDA*                                          **SITE:** <u>WILLACY</u>

| Date/ Time: | Inmate Name: *Hinds David*   TDC#: *923848*   DOB: *11 16 78* |
|---|---|
| 5/17/02 | NSC# 3124 foot still swelling. Also 3151 NSC |
|  | ankle is progressively swelling and painful. |
|  | Also NSC# 3152 Review restrictions. |
| 1052 | T 98.2 P 76     R 18     B/P 130/80   WT 155 |
|  | S. History of left ankle sprain on 1/30/02 |
|  | Saw Dr on 2/1/02. Now complains of pain |
|  | left ankle and swelling — |
|  | Left ankle X-ray on 1/30/02 |
|  | Normal. |
|  | O. Exam left ankle- no |
|  | swelling — full range |
|  | of motion — |
|  | SL tenderness lateral aspect |
|  | of left ankle |
|  | A. Old sprain left ankle |
|  | P. No reason to add |
|  | additional restrictions — |
|  | IBP 600 mg ī QID X 10 days |
|  | Noted 5/17/02 1135 |
|  | J. D Thompson MD |
|  | Verified PRecise 5/17/02 1145 |



# WCC

## PROGRESS NOTES

**ALLERGIES:** NKDA                    SITE: _Willacy_

| Date/Time | Inmate Name Hinds David # 923348 D.O.B. 1/16/78 |
|---|---|
| 4-23-02 0800 | S: Triaged NSCR #2626 c̄ c/o ↑ pain & swelling to (R) ankle & requesting ankle support, placed on MD clinic on 4-24-02. —————— *[signature]* |
| 4/24/02 0930 | WT: 155  T 97  P 60  R 16  BP 130/78 |
| 4-24-02 *[vertical notes]* 0935 | S  c/o sprain (R) Ankle |
|  | O. Swelly + Lateral malleolus. |
|  | Rom N. Lab. prob... |
|  | A. (R) sprain (R) Ankle |
|  | R̥ 1) Elastic support. (R) Ankle – removed ... *[signature]* |
| verified | 4-24-02 @ 1050. [signature] |
| 5-16-02 0100 | Triaged NSCR #3124 c̄ c/o recurrent pain & swelling to (L) foot, scheduled to see M.D on 5-17-02. —————— *[signature]* |
| 5-17-02 0600 | NSCR #3124 c̄ c/o recurrent pain & swelling to (L) foot, scheduled to see M.D. on 5-17-02. —————— *[signature]* |
| 5-17-02 | T       P       R       BP       wt. |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |



# WCC

**PROGRESS NOTES**

**ALLERGIES:** NKDA

SITE: _Willacy_

| Date/Time | Inmate Name Hinds, David   #923318   D.O.B ✓/ 16 17 |
|-----------|------------------------------------------------------|
| 4-9-02 1430 | Received SCR 2267 C/o needing ankle support & arch supports & these items were misplaced while in Ad Seg. Ad Seg was called. C.O. Prieto stated these named items were not in Ad Seg & that all items inventoried should have already been returned to Offender. Call placed to A1 & spoke c C.O. Hitt. Requested offenders bunk be shaken down. C.O. Hitt called back to inform medical that items were not found among his property. Offender will be called in to medical & be reissued arch supports & ankle support.   J. Medina, LVN. |
| 4/11/02 0935 | WT 150  T 97.8  P 64   R 18  BP 140/90 |
|  | S. c/o Pain in ⓡ ankle. |
|  | O. ⓛ Ankle. no swelling no Effusion. ROM N. N ⅀ Fx or dislocation. |
|  | A- Pain in ⓡ Ankle. ↑ROM N. Fx - no Tx indicated for ankle meds |
| Noted | 4/4/02 @ 1010 Klhee |
| Verified | 4-11-02 at 1010 Abraham |

WCC 74470

# WCC

## WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

**ALLERGIES:** *NKDA*                                        **SITE: WILLACY**

| Date/ Time | Inmate Name: *Hinds, David*    TDC#: *923348* DOB: *11/6/78* |
|---|---|
| 11-3-02 2240 | Ad Sy ~~complete~~ physical Completed                    _____ *(sign)* |
| 4-5-02 S: | Sck # 2189 hinged - % hearing voices |
| 2330 | Now coming from outside his head "his Grand- |
| | father haunting him & his wheel- |
| | chair sits at my bed side nite and I cannot |
| 2331 | stop hearing him." "Can't sleep @ night" |
| O: | 149/88 T 97.5 P 64 R 18 - Alert, oriented X 3 |
| | Skin warm, dry. PERLA, Bilat ck → Tm |
| | gray shiney c̄ dark thick brown wax. (R) ear |
| | Denies hearing problems or discomfort |
| | wt. 148 stated has been worried wt. |
| | can't sleep. Has been hearing voices |
| | since last seizure in late 2002. |
| | Converses coherently. Answers |
| | questions. Very calm. Denies |
| | suicidal ideation or wanting to |
| | hurt others. Very cooperative. |
| | Requested Tylenol to be able to |
| | help him relax/go to sleep for it |
| | gives and refused to tell sgt. |
| | fire has Appt. c̄ counselor tomorrow. |
| | Wishes to wait _____ medication. |
| | A. Impaired sensory due to _____ |
| | P. Refer to counselor - advised to keep |
| | Appt. if he continues to be restless |
| | and cannot wait he is to return to |
| | medical as he did not want |
| 2350 | Counselor called @ this time |
| | _____ *(signature)* |

LLACY COUNTY STATE JAIL FA~ ITY

# PROGRESS NOTES

ALLERGIES: _NKDA_                                          SITE: WILLACY

| Date/ Time: | Inmate Name: Hends, David      TDCH#: 923318  DOB: 11/6/78 |
|---|---|
| 3-26-02 0900 | Received SCR #1942 c/o continued foot & ankle pain. Appt scheduled c MD for evaluation on 3/26/02.                    Medina, LVN. — |
| 3/27/02  0845 | NSC# 1942 c/o foot & ankle pain |
|  | Wt 151,  120/70    978      68      18 |
|  | S. c/o pain in L Ankle. |
|  | O. X-Ray L Ankle – |
|  | ROM N.  No swelling. |
|  | No deformity. |
|  | gait N.  Wt bearing N |
|  | A. L Ankle – N |
|  | Rx No Rx Indicated |
|  | Noted: 3/27/02 0855 [signature] |
|  | Verified 3-27-02 @ 0915 Medina, LVN |
| 3/27/02 1230 | Physically triaged offender for NSC #1912 c Hearing. Offender wishing to talk c Counselor. Pt verbalizes no suicidal ideations/no harm to self or others. Will refer to counselor [signature] |

# PHYSICAL HEALTH PRACTITIONER TREATMENT PLAN

SITE: _Willacy_

INMATE NAME: _Hinds David_    ID# _9 2 3348_

Chronic Disease: _____    Initial or Follow-up visit
       (HTN, Diabetic, Seizures, etc)                    (circle one)

## Subjective
(chief complaint)    _Epilepsy_

Significant History: _____

## Objective: Vital Signs T _97.4_ P _72_ R _18_ B/P _101/82_ : Wt. _151_
(Physical Findings
or Pathology)    _Neuro - N._
       _stable._

## Assessment:    _Epilepsy._
(Diagnosis)

## Plan:    _Tegretol. 200 Mg one T.I.D_
(Treatment)    _× 90 Days._

_4/3/02 ageed 1130 am Berent_

Follow-up date: Dr. visit _90 Days._    M.D. Appt. _6/11/02_
lab _Tegretol level after 8 v_    Medication review ____ x-ray ____
Other _____
Special Diet: _____
Exercise &/or Restrictions _____
Education ____ Diet ____ Medication ____ Exercise ____ Diag. Testing
       ____ Disease Process ____ Risk Factors and reducers
       Other _____

_2/12/0_    _11:10 am_    _N. Noson_
DATE    TIME    PHYSICIAN PRACTITIONER SIGNATURE

_verifence 5-12-02 1250 pm New Authorized RN_

# WCC

## WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

**ALLERGIES:** NKDA                                        **SITE:  WILLACY**

| Date/ Time: | Inmate Name: Hinds, David W. TDC#: 923348 DOB: 11/6/78 |
|---|---|
| 03-11-02 (9250) 33617 | LAB collected for Tegretol level. S. Brandl RN |

HEALTH SERVICES
NURSING ASSESSMENT PROTOCOL
ACNE VULGARIS/ FOLLICULITIS BARBAE PROTOCOL

| DATE/TIME | S.) CHIEF COMPLAINT: | <SP, Bumps on Face | ALLERGIES: NKDA |
|---|---|---|---|
| 3/06/02 1530 | History, course and onset of symptoms: | Ø H/o. started x 1 week ago p̄ shaving c̄ Razor | |
| nurse | Duration: | x 1 weeks | |
| #1 1531 | Pain: | no, | |
| | Itch: | yes | |
| Circle one: | Possible cause: | Shaving c̄ Razor | |
| sick call | O.) BP= 120/60  P= 80  R= 18  T= 97·6  WT= 152 lbs | | |
| walk-in | Type of lesions: whiteheads / blackheads / pustules / vesicles / papules / nodules / cysts: to neck | | |
| self decl. ER | Location: (primary sites are the face, chest, upper back and shoulders): Neck region | | |
| | Redness: yes | | |
| | Swelling: yes | | |
| | Drainage: Ø | | |
| | Severity of condition: microabrisms are also evident in neck region | | |

A.) Alteration in Skin Integrity R/T Shaving c̄ Razor.

P.) If acne: Give topical Benzoyl Peroxide topically 3-4 times daily for 7 days, (sparingly to completely dry skin):

Advised to use warm compresses t.i.d. to lesions: yes

Issue "clipper-no shave" pass if indicated (include exp. date): yes, Expires 6/06/02

If case is severe, signs of infection, fever, or unresponsive to above treatment, notify physician for orders:

E.) Advised to wash face gently 1-2 times QD with mild soap and water, & not to pick at pimples or touch affected areas:

Advised to not share towels, linens, etc: yes

Instructed on KOP policy and signs of secondary infection and to report to medical if symptoms persist or worsen: yes

Instructed to avoid contact with lotion/ointment in or around the eyes: N/A

Inmate verbalized understanding: yes.

NAME  Hinds, David Washington

NUMBER  923348

DOB  11·06·78

NURSING SIGNATURE

Verified
3/6/02    J. Selness RN
          1630



**PROGRESS NOTES**    Willacy County State Jail

**ALLERGIES:** NKDA    SITE: _____

| Date/Time | Inmate Name Hinds, David    # 923348    D.O.B 11/6/78 |
|---|---|
| 2/21/02 1700 | Pt refused medication for seizure (Tegretol 200mg) Risks of refusal given to inmate, refusal form presented to inmate for signature + he refused to sign it. Inmate told nurse Ortho RN he had a seizure 2 days ago. Officer Vasquez advised by medical staff to place inmate in padded cell. J Cate WC |
| 2/22/02 11-10 | Pt is fecky Tegretor. Plan: DC padded cell. Return to _____ Noted 2/22/02 @ 1135 meding _____ verified 2/22/02 @ 1140 _____ RN |
| 2/26/02 1800 | Hepatitus B Vaccine 1 CC IM left arm given _____ R |
| 3/6/02 0130 | NSC# 1531 triaged for bumps/rash on face. Scheduled for N.S.C. Clinic 3/6/02 / _____ LPN |
| 3/11/02 0600 | Refused to come in for lab work or to sign refusal _____ R |

# WCC

## PROGRESS NOTES

**Willacy County State Jail**

SITE: _____

**ALLERGIES:** NKDA

| Date/Time | Inmate Name Hinds, David W.    #923348    D.O.B. 1/16/78 |
|---|---|
| 2-16-02 1400 | AdSeg Rounds made. I.M. on bunk asleep. R Almang RN |
| 2-17-02 1400 | AdSeg rounds made. I.M. on bunk, asleep. R Almang RN |
| 2/18/02 1715 | Ad Seg Rounds, Offender is awake in bed. _____ RN |
| 2-19-02 1450 | Triaged NSC #1248 ⊕ knee pain; referred to n.o. on 2/20/02. _____ LVN |
| 2/20/02 | NSC #1248 Knee pain. |
| 2/20/02 1040 | SCR #1248 C/o Knee pain |

WT 146. T 96⁰ P 72. R 18 BP 120/78.

S. c/o pain ⊕ knee.
No oth. injury.

O. ⊕ knee.    No Swelling
no deformity
N Effus
ROM N.
No evidence of Fx or
dislocation or
intra articular derangive

A ⊕ Knee pain    No objective
evidence of any pathology

Rx No indication for any meds.
or treatment. As I do
not find any true
objective finding

Noted 2/20/02 @ 1145 _____ LVN
verified 2/20/02 1140 R Almang RN

WCC 74470

NURSING ASSESSMENT PROTOCOLS

BITES PROTOCOL

| DATE/TIME | S.) CHIEF COMPLAINT: *To spider bite at mid* | ALLERGIES: *NKDA* |
|---|---|---|
| *8/16/02* | Chest *X1 day* | |
| *Asc #* | Time and date of onset: *1 day ago* | |
| *1158* | What type of bite, when and where: *insect* | |
| Circle one: | If human bite: circumstances of bite (where, why) & identity of individuals involved: *NA* | |
| sick call | If animal or insect bite: how it occurred and status of the animal (captured/dead): *NA* | |
| walk-in | Last tetanus shot: *6-8-2000* | |
| self ER | Any pain or pruritis? (Describe location/type/degree): *no* | |
| true ER | Numbness or tingling: *no* | |
| *0720 AM* | First aid given: *NA* | |

O.) BP= *100/84*      P= *60*      R= *16*      T= *97.8*      WT= *147*

Level of consciousness: *alert*        Orientation: *X 3*        Pupils: *NA*

Respiratory rhythm: Even/uneven        (Unlabored)/labored        Shallow/normal/deep

Lung sounds: *Clear*

Heart sounds: Regular or irregular        All four peripheral pulses palpable: *Yes*        Capillary refill = *<2 sec*

Skin:   normal (warm/pink/dry) / pale / flushed / cyanotic / mottled / diaphoretic / cool / dusky

Bleeding: (describe location/degree) *no*

Redness: (describe location/size) *no*

Swelling or deformity: (describe location/degree) *none*

Drainage: (describe location/type/amount) *none*

Overall appearance: no acute distress / mild distress / moderate distress / severe distress

If human bite to hand, evaluate for signs of possible fracture: *NA*    *1 mm size - open blister*

A.) *Alteration in skin integrity RT sm. open*  *1 m. popped open per self.*

P.) Apply cold compresses/ice packs for 24 hrs (on 45 min / off 15): *NA advised IM. to keep*

     Stop any bleeding by using pressure dressing: *NA*    *site clean & dry & avoid*

Request tetanus booster from physician if not current: *NA*    *picking at it.*

If Insect Bite:  Apply anti-itch cream/lotion to affected area: *NA*

     Give Benadryl 25 mg, 1-2 tabs p.o. q.i.d. prn itching x 3 days: *no*

If Animal or Human Bite: Clean with Betadine: *NA*

     Apply antibiotic ointment and sterile dressing: *NA*

     Notify physician: *NA*

If Snake Bite:  Notify physician immediately:

     Immobilize area of bite and place in position lower than the heart:

     Clean with Betadine:

     Keep patient as quiet as possible: *NA*

     Transfer to E.R.:

For all bites, issue pass to return to medical QD for assessment until resolved: *NA*

E.) Instructed inmate to observe wound for signs/symptoms of infection and notify medical if they occur: *Yes*

     Instructed to avoid contact with lotion/ointment in or around the eyes: *NA*    Inmate verbalized understanding: *Yes*

NAME: *Nerils, David Washington*

NUMBER *923348*

DOB: *11-06-78*

NURSING SIGNATURE: *R. Almonp RN*

*S+S of infection explained*
*redness, pain, discharge,*
*IM. verbalized understanding*

7

# WCC

## WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

**ALLERGIES:** NKDA                                    **SITE:** __WILLACY__

| Date/ Times | Inmate Name: Hinds, David    TDC#923348    DOB: 11 / 6 / 78 |
|---|---|
| 2-13-02  0800 | SCR# 10.96   c/o acct. ⊤ pain Ⓛ ankle |
|  | WT 148  T 97⁸  P 64  R 18   BP 143/86. |
|  | S. c/o pain   in Ⓛ Ankle and foot. due |
|  |    to Injury |
|  | O. Ⓛ Ankle & foot. no swelling or |
|  |    tenderness.   ROM  N.  no Fx |
|  |    or dislocation |
|  |    gait N. - not bearing N |
|  | A. g pain in Ⓛ Ankle & foot |
|  |    η. Tylenol for. Juckwett. |
|  | noted: 2/13/02  0810 _____ |
|  | verified 2/13/02  0855  LA Coakie RN |
| 2-13-02 1445 | Rt. Desceuole. Offender resting on bed. No Mychania offered Breathing, non. |
| 2/13/02 written Response | 1400  S) Triage NCC # 1138, c/o ankle pain, ( pt was seen by the Doctor on 2/13/02    at 08:00 for this problem. JSilva RN |
| 2/15/02 1515 | Triage NSC # 1188  c̄o possible spider bite scheduled c̄ nurse 2/16/02 _____ |
| 2-15-02 1515 | Physically triaged pt for pos. spider bite; does not appear to be insect bite; will however follow c̄ nurse on 2/16/02 _____ |

# WCC

WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

**ALLERGIES:** NKDA                                    **SITE:** __WILLACY__

| Date/ Time: | Inmate Name: Hinds David   TDC#: 923348   DOB: 11/6/78 |
|---|---|
| 2-1-02 | SCR# 852 Requests to see MD for X ray of ⒧ |
| 0100 | ankle. Scheduled c̄ MD 2-1-02 ——— J. Schafer? LVN |
| 2-1-02 | NSC# 852 Requests to see MD for X ray of ⒧ |
| 0900 | ankle. |
|  | T 96.6    P 78    R 18    BP 182   Wt. 176 ¹³? |
|  | S: Twisted his ⒧ ankle yesterday |
|  | O: ⒧ Ankle swollen & tender due to |
|  | swelling + on 4th & 5th MC |
|  | Area Rot'l ⒧ Ankle ↓ & fibula |
|  | A: ? sprue or Fx |
|  | P: 1) X-ray ⒧ Ankle & foot |
|  | 2) motrin 600T  Rice X1 2 bks ✓ |
|  | 3) No Rec | |
|  | No work | 3 w |
|  | Resume work after 3 w |
|  | 4) Elastic support to ⒧ Ankle – p.m.d |
|  | 5) D/c motrin |
|  | 6) D/c tylenol |
| 2-1-02 1155 | verified R. Tennison RN |
| 2/2/02 9:45 am | X-ray (+ ankle) x Amt? M |
| 2/7/02 1125 | Ad Seg stays completed for ad Seg ? ? |
| 2/11/02 1345 | Ad Seg rounds. Pt sitting on bunk Offers no complaints meeting up. |
| 2/12/02 1100 | SCR# 1096 c̄ cont. C/o severe pain ⒭ ankle Scheduled c̄ MD - 2/13/02 ? Aguilar |
| 2/12/02 1300 | 5) Ad Seg rounds, offender is asleep. J. Salinas RN |

**VALLEY RADIOLOGISTS & ASSOCIATES**
1620 N. Ed Carey Drive
Harlingen, Texas 78550

PATIENT NAME: Hinos, David          CHART: 923348
LOCATION        : WCSJ
DOB             : 11/6/78
PHYSICIAN       : J Desai, MD
EXAM            : Left Ankle, Three Views
DATE            : 1/30/02
CLINICAL        : Pain, Injury

Three views of the left ankle demonstrate no fracture, dislocation or focal bone lesion
The joint spaces and adjacent soft tissues are unremarkable.

IMPRESSION: Normal findings.

Harry Butters, MD / wb

2/14/02

| DATE/TIME | S.) CHIEF COMPLAINT: | ~RGIES: |
|---|---|---|
| 1/30/02 1600 | Time of onset: 20 minutes A   ty at onset: Sport, basketball  History of ~rs: Ø | |

Pain location: (L) ankle    Constant / intermittent:

Character: cramping / stabbing / burning / sharp / dull      Pain Intensity Scale 1-10: 10

Radiation: (yes)/no  Knee    History of previous injury to same site: (yes)/no   When: 1 month ago

Most comfortable lying / (sitting) / standing / rocking ?        Able to sit still: (yes)/no

Numbness/tingling: yes/no. location: Foot toe        Loss of consciousness: yes/no  If so, how long:

Last tetanus date:           (if > 5 yrs & skin broken, notify physician for order for booster).

Does anything help? yes/(no) what:          Tried OTC medications: yes/(no)

O.) Lying BP      P=      normal / weak / bounding   R 18   T 98.8   WT. 176 lbs

Orthostatic (sitting) BP= 120/60   P= 80    (standing) BP=       P=

Respiratory rhythm: (Even) / uneven    (Unlabored) / labored     Shallow / (normal) / deep

Heart sounds: (regular) / irregular

Gait: steady / slightly unsteady / (unable to stand)

Arrived at medical via: walk / (wheelchair) / stretcher

Skin: normal / pale / flushed / diaphoretic  describe location / degree:

Abrasions/laceration: location: Ø.      Size:

Bleeding: yes/(no) amt: Ø        Sign of infection: yes/no describe:

Swelling: yes/no site: L ankle   Bruising: yes/no site: mild,    Redness: yes/(no) site:

Range of motion: full / (decreased:)

Capillary refill distal to injury: < 3 sec / sluggish / absent  skin temp distal to injury:

Peripheral pulses distal to injury: strong / weak / unable to palpate

Overall appearance: no acute distress / mild distress / severe distress

A.) alteration in comfort R/T ankle injury

P.) Applied ice x 24 hours (on 45, off 15) yes/no  elevated extremity: (yes)/no

Apply warm compress x 48 hrs (after ice x 24) (yes)/no

Immobilization: ace wrap applied (sprains only): (yes)/no.  If c/o fracture: sturdy splint unknown

Applied. yes/no  type       Steri-strips applied: yes/no       Dressing applied  yes/no

Physician notified: yes/no time    Order received: (yes)/no time: 1630    List: ① X-ray L. Ankle

② Ace wrap L. ankle

Check q 2 hrs for increased swelling, discoloration, pain, peripheral pulse, R.O.M., numbness  yes/no   ③ Crutches

Refer to next physician sick call: (yes)/no  1/31/02     ④ Ice x 24°

⑤ Tylenol susp. 325 TID x 2 weeks

Passes issued: yes/no  type/exp  date

Disposition: (dorm)/infirmary / observation or admit/ E.R.   condition: stable / guarded / critical  bed on 1st floor L. Knee X 3 months

E.) Instructed to resume activity gradually  n/c

If ankle/foot involved stay off x 48 hrs (yes)/no  Instructed on use of ice pack/warm.

Compresses: yes/no  instructed to return to medical if symptoms persist/worsen (yes)/no

Inmate verbalized understanding  yes.

NAME  Hinds, David Washington

NUMBER  923343

DOB  11.6.78

NURSING SIGNATURE

verified 1-31-02
Schafer CW

2/25/02

Dr
Dorai

Lynn RN

# WCC

## WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

ALLERGIES: _NKDA_                                          SITE: __WILLACY__

| Date/ Time: | Inmate Name: Hinfs, Doing TDC#: 9 2334 8 DOB: 11 16 178 |
|---|---|
| 12/11/01 1300 | No show for anticonvulsant medication, house called × 2, Inmate did not come to medical to sign a refusal ——— Wheeler |
| 12/23/01 2335 | Ad-Seg physical done & released to Ad-Seg cell #25, /SMBox |

# WCC

## WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

**ALLERGIES:** *NKDA*                                    **SITE:** **WILLACY**

| Date/ Time: | Inmate Name: Hinds, David    TDC#: 923748 DOB: 11 6 78 |
|---|---|
| 11 30 01 0800 | SCR# 8070 c/o pain to both legs o/t past injury - Will schedule c̄ M.D. today *[signature]* |
| 11/30/01 | pt dver not want to come in sfve of cceet time maby f.wife |
| | *notul* 11-30-01 1250 Sardun ballin RN — |
| 12/2/01 530p | No show c̄ 4pm pillen callus out x2 E. 8 RN |
| 12/3/01 (1030) 04977 | Lab done fo Tegretol Level this a complication & discussed with [signature] |
| | procedure. |
| 12/8/01 | Tegretol 3.8 [signature] |
| 12/8/01 | 1245 No show for 11 am pill window refused to come to medical & sign refusal [signature] |
| 12/9/01 | 1340 No show for 11 am pill window [signature] |

# WCC

## WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

**ALLERGIES:** NKDA

**SITE: WILLACY**

| Date/ Time: | Inmate Name: HINDS, DAVID    TDC#: 923748    DOB: 11 06 178 |
|---|---|
| 11/11/01 1745 | No show to 11am pill window, called out x3, did come to 4pm pill window ē Sgen |
| 11-16-01 | M.D. Clinic: NSC 7530  feet still hurt, leg pain. |
| 1030 am | wt: 170    T 96.0    BP 132/78    P 64    R 16. |
| | S. C/o. Pain in ℗ Ankle. Hx. Injury to ℗ Ankle s |
| | O. Has flat feet. ℗ Ankle ROM-N. |
| | A. Flat feet. Rx. give Arch supports both feet — formars received 11-16-01 |
| | Notro ē Jnw 11/16/01 1100 verified 11-16-01 1103am S. Labellis RN |

HEALTH SERVICES
NURSING ASSESSMENT PROTOCOL
MUSCULOSKELETAL PAIN PROTO

| DATE/TIME | |
|---|---|
| 11-11-01 1900 | **S.) CHIEF COMPLAINT:** _Twisted Dankle_    **ALLERGIES:** _NKDA_ |
| | Time of onset: _12 40_    Activity at onset _playing basketball_ |
| | Pain location: _R ankle_    Radiation: _no_ |
| **Circle one:** | Character/type of pain _sharp_ |
| **sick call** | Constant or intermittent    Pain Intensity Scale 1-10: _6_ |
| **walk-in** | Cause or injury: _While playing B. ball fell on foot_ |
| **self ER** | Medications: _Degreted_ |
| **true ER** | Numbness or tingling: _no_ |
| | O.) BP= _110/80_    P= _80_    R= _20_    T= _99.2_    WT= _170_ |
| | Respiratory rhythm: _even_    Lung sounds: _clear_ |
| | Method of arrival to medical: _Walked_    Heart sounds: _Reg_ |
| | Gait: _guarding R leg_    Able to get on and off table: _yes_ |
| | Abrasions/bleeding: _none_ |
| | Bruising: _none_    Swelling: _slightly_ |
| | Range of motion: _limited_ |
| | Presence of muscle spasms or tightness on palpation: _yes_ |
| | Skin (distal to injury): normal (warm/pink/dry) / pale / flushed / cyanotic / mottled / diaphoretic / cool / dusky |
| | Capillary refill distal to injury: _< 3_ |
| | Peripheral pulses distal to injury: _strong_ |
| | Overall appearance: no acute distress / mild distress / moderate distress / severe distress |
| | A.) _alt to comfort R/T fall_ |
| | P.) Elevate extremity and Apply cold compresses/ice packs for 24 hrs (on 45 min/ off 15) _yes_ |
| | Use local heat after acute phase resolution (compresses or analgesic balm): _yes_ |
| | If sprain give Ace wrap or splint: _yes_ |
| | If leg/foot involved issue crutches & pass: _no refused_ |
| | Give recreation restriction pass to rest affected muscles/joints _no_ |
| | Give Aspirin or Acetaminophen 325 mg, two tablets tid p.o x 7 days: _from pickett_ |
| | or Ibuprofen 200 mg, two tablets tid p.o. x 7 days: |
| | If severe pain, compartment syndrome, or fracture is suspected, notify physician for specific orders: |
| | E.) Instructed patient to avoid heavy lifting, strenuous work/sports activity until problem resolved, to resume activity _yes_ |
| | gradually, and return to medical if problem persists or worsens: _yes_ |
| | Instructed to keep extremity elevated and use cold/warm compresses in dorm _yes_ |
| | Instructed to avoid contact with balm/ointment in or around the eyes _N/A_ |
| | Instructed on benefits of regular exercise, slowly progressing to 20 minutes QD 3x weekly after clearance from physician |
| | Inmate verbalized understanding. _yes_ |

NAME _Henry David_

NUMBER _923248_

DOB _11-6-78_

NURSING SIGNATURE _E Monte_

_11/11/01_

# WCC

WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

ALLERGIES: NKDA                                    SITE: WILLACY

| Date/ Time: | Inmate Name: HINDS, DAVID W. 923348    TDC#:    DOB: 11/6/78 |
|---|---|
| 10-9-01 1520 | Hep B Vaccine #2 administered on (L) deltoid IM. Tolerated well. ———— B. Salgado RN |
| 10/15/01 (2350)  04992 | Lab done for Tegretol level. 1 attempt only - RFA - Ø complications with blood draw. Bandaid applied. J. Reilly RN |
| 10/22/01 | Pt did not come at 9-30 for his appointment. JR |
| 10/24/01 1330 | Rescheduled INMATE FOR 10/23/01 no appt. ———— JR |
| 10-23-01 1100 | Annual H & P done by DR DESAI today. Annual PPD given on (L) FA. Will return on 10-25-01 for PPD reading. ———— B. Salgado RN ———— |

WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

**ALLERGIES:** NKDA                                     **SITE: WILLACY**

| Date/ Time: | Inmate Name: HINDS, DAVID    TDC#: 923348   DOB: 11 / 6 / 78 |
|---|---|
| 9/6/01 (2230) | Lab drawn for Tegretol level— 1st stick good w/ aseptic technique. No complications observed. Standard ... _____ RN |

# WCC

## WILLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

**ALLERGIES:** NKDA                                    **SITE:** <u>WILLACY</u>

| Date/ Time: | Inmate Name: Hinds, David    TDC#: 923348   DOB: 11/16/78 |
|---|---|
| 6/15/01 0025 | Blood collected for Tegretol level in SST X1 on 1st attempt from @antecubital using aseptic technique. No blood collecting complications observed. ————— J. Medina /LVN. |
| 6/22 | Tegretol Level: '5' |
| 7/31/01 | S) C/O - Seizures |
| 1145 | OH 152, 96.5, 60, 18, 100/80. No seizures reported. Tegretol B/L > 0.5. |
| | A) Stable. |
| | P) Continue H/D/treatment |
| 8-8-01 | S: Accident   WALK INTO CLINIC |
| 15:40 | playing basketball at main rec and ran into another offender who hit him on L |
| | O: Knee. T 97.0  P 84  BP 110/84  R 18 97/72 |
| | Ø fracture  Ø deformity  Ø laceration  slight redness +1 edema  able to walk  Pain 3-5 scale |
| A: | L knee slight edema / Alt. to comfort |
| P: | elevate extremity and apply ice save Motrin 200mg ii tabs TID p.o. X 7 days instructed instruct to avoid heavy lifting strenous sports activity until resolved and to return if problem persists/ worse Rop form issue and I pass given for pill window. |
| | Inmate verbalize understand Mdzor |

WCC

.LLACY COUNTY STATE JAIL FACILITY

# PROGRESS NOTES

ALLERGIES: NKDA                          SITE: WILLACY

| Date/ Time: | Inmate Name: Hinds, David    TDC#: 923348    DOB: 11 / 6 / 76 |
|---|---|
| 6/8/01 1500 | Administer Engerix--B Vaccine 20 MCG I/M now and 2 months and 4 months R deltoid |
| | S currey born ri |
| | JANAK DESAI, MD. |

# WCC

## WILLACY COUNTY STATE JAIL FACILITY

**ALLERGIES:** _NKDA_     **INTAKE PROGRESS NOTES**

| DATE/TIME | RECEIVED AT WILLACY CORRECTIONAL FACILITY VIA REGULAR CHAIN. |
|---|---|
| 6/8/00 1400 | **S.)** _New inmate_ |
| | **INTAKE SCREENING** |
| | |
| | (SEE RECEIVING SCREENING FOR FURTHER SUBJECTIVE DETAILS) |
| | **O.)** B/P= _134/76_   P= _72_   R= _18_   T= _96.4_   WT= _168_ LBS. |
| | **APPEARANCE/BEHAVIOR:** _clean    cooperative_ |
| | **EVIDENCE OF ABUSE/TRAUMA:** _none_ |
| | **NOTED COUGH/LETHARGY:** _none_ |
| | **MENTAL HEALTH STATUS:** _alert_ |
| | **DENTAL EXAM:** _no_ |
| | **EVIDENCE OF SKIN INFESTATION:** _no_ |
| | **IMMUNIZATIONS UP-TO-DATE:** _6-10-00_ |
| | **OTHER:** |
| | **ALLERGIES:** _NKDA_ |
| | **A.) TRANSFER ARRIVAL HEALTH APPRAISAL:** _22 yr old healthy looking male_ |
| | |
| | **P.) CONTINUE FOLLOWING MEDICATIONS:** _yes_ |
| | |
| | **FOLLOWING PASSES WERE ISSUED:** _yes_ |
| | |
| | { } INMATE TO SUBMIT MEDICAL REQUEST FOR                 CONDITION. |
| | { } FOLLOW-UP APPOINMENT MADE WITH           WITHIN           DAYS. |
| | **E.)** VERBAL AND WRITTEN INSTRUCTIONS GIVEN TO INMATE REGARDING ACCESS TO MEDICAL, DENTAL, AND PSYCHOLOGICAL SERVICES.  WRITTEN EDUCATION MATERIALS ON AIDS, TESTICULAR SELF-EXAM, AND PROPER HYGIENE.  COUNSELED REGARDING KOP MEDICATION POLICY, PILL CALL WINDOW, AND PILL CALL TIMES.  INMATE VERBALIZED UNDERSTANDING OF ABOVE. KOP FORM SIGNED (YES) NO |

**NAME:** _Hinds, David_

**TDCJ#:** _923348_

**DOB:** _11-6-78_

**NURSE SIGNATURE:** _____

NAME: _Hinde, David W._     AGE: _22_     TDCJ-INSTITUTIONAL DIVISION

TDCJ#: _923348_     SEX: _M_     CLINIC NOTES
NURSE'S INCOMING
UNIT: _WILLACY UNIT_     DOB: _11-6-78_     CHAIN REVIEW

| Date/ Time | | |
|---|---|---|
| 6/8/01 | NKDA    ALLERGIES: | |
| | DATE ENTERED TDCJ-ID: 6/8/00    DATE RECEIVED THIS UNIT: 6/8/01 | |
| | IMMUNIZATIONS: DIPHTHERIA /TETANUS  DATES: 6/8/00 | |
| | PPD DATE: 6/8/00    RESULTS: ① neg | |
| | TB CLASS ①    PROPHYLAXIS: YES   NO   DATE COMPLETED:  DATE TO COMPLETE: | |
| | TREATMENT:    DATE COMPLETED:  IN PROGRESS: | |
| | SEROLOGY DATE: 6/13/00    RESULTS: neg | |

|  | P | U | L | H | E | S |
|---|---|---|---|---|---|---|
| INDICATES DESIGNATOR: | 3 | 1 | 1 | 1 | 1 | 1 |
| INDICATES CODES: | 6 | A | A | A | A | A |
| INDICATES MODIFIERS: | P | | | | | |

CHRONIC ILLNESS/ DISABILITIES: _Seizures_   ADD TO CHRONIC CLINIC: _yes_

MEDICATION ORDERS:
1. Carbamazepine 200 mg P.O. BID    6.
2.    7.
3    8.
4    9.
5.    10.

TREATMENT/ SPECIAL CARE/ FOLLOW-UP / REFERRALS:

WORK LIMITATION: _no lifting ↑ 50 lbs  no climbing 9,12,19,24_
HOUSING & BUNK LIMITATIONS: _lower only_
NURSE'S SIGNATURE: _S. Cunningham RN_
PHYSICIAN'S SIGNATURE: _[signature] 2/8/02_

# ..JCJ HEALTH SERVICES DIVISIO.
## NURSE'S CHAIN REVIEW

**NAME:** *Hinds, David*                         **TDCJ#:** *92 33 48*

---

**I. OUTGOING CHART REVIEW**    Date: *4|8|01*    Time: *0400*    Facility: *UN*
Transfer to: _____ *UI*    Allergies: _____ *NKDA* _____
Method and time of travel appropriate: YES ☑ NO ☐    Medical Condition Appropriate for Travel: YES ☑ NO ☐
X-rays sent: YES ☐ NO ☐ N/A ☑    Current med pass on chart: YES ☐ NO ☐    **DOT:** YES ☐ NO ☑
Meds sent: YES ☑ NO ☐ N/A ☐    Health Problems: Medical ☑ Dental ☐ Mental ☐
Special Diet: _____
Treatment/Preps: _____

Housing Restrictions: ___ *IL 52* _____    Discipline Restrictions: YES ☐ NO ☑
Crutches ☐ Cane ☐ Walker ☐ Wheelchair ☐ Other ☐ _____
Pending Appts/Follow-ups: _____
Special Instructions given to transport personnel: /    YES ☐ NO ☐ N/A ☑
Nurse Signature/Date/Time: *N Padilla LVN 0400 6/8/01* _____

**II. ENROUTE CHART REVIEW**    Date: _____    Time: _____    Facility: _____
On Meds: YES ☐ NO ☐    Meds rec'd: YES ☐ NO ☐    **DOT:** YES ☐ NO ☐    X-rays rec'd: YES ☐ NO ☐
Housing Restrictions: _____
Treatment/Preps: _____

New Orders: _____
_____

New Medications On Computer: YES ☐ NO ☐    Pending Appointments: _____
Chart for Review to: CID ☐ Mental Health ☐ Dental ☐
Additional Comments: _____

Nurse Signature/Date/Time: _____    Physician-PE Signature/Date/Time. _____

**III. FACILITY OF ASSIGNMENT:**    Date: _____    Time: _____    Facility: _____
**DOT:**    YES ☐ NO ☐    Meds rec'd: YES ☐ NO ☐    Date last PPD ☐ / CXR ☐ : _____
X-rays rec'd: YES ☐ NO ☐
Health Diagnoses: _____
_____

| Meds: | Rec'd | Exp'd | MD Reorder | |
|---|---|---|---|---|
| _____ | ☐ | ☐ | | _____ |
| _____ | ☐ | ☐ | | _____ |
| _____ | ☐ | ☐ | | _____ |
| _____ | ☐ | ☐ | | _____ |
| _____ | ☐ | ☐ | | _____ |
| _____ | ☐ | ☐ | | _____ |
| _____ | ☐ | ☐ | | _____ |

Treatments/Special Care/Follow-up/Diet/Appointments:
_____
_____

Chart to Review to: CID ☐ Mental Health ☐ Dental ☐    Add to Chronic Clinic: YES ☐ NO ☐
Restrictions: Housing _____    Work _____
        Discipline: YES ☐ NO ☐
Nurse Signature/Date/Time: _____
Physician-PE Signature/Date/Time. _____

HSN –1 (rev 10/00)

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: _Hindo David_

TDCJ No.: _923348_

Unit: _NH_

| Date & Time | Notes |
|---|---|
| 5/13/01 04:25 | P H D PHYSICAL DONE -- EXERCISE HANDOUT ISSUED -- VERBALIZED UNDERSTANDING. |
| | PATIENT EDUCATION GIVEN ON HOW TO RECEIVE MEDICAL SERVICES |
| | AND HOW TO OBTAIN TYLENOL. |
| | VERBALIZED UNDERSTANDING ------------ Howens RN H |
| 6-5-01 1200 | NO Show for UP annual physical. Rescheduled M Hunter M. JOHNSON, L.V.N./C.I.D. |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

# CLINIC NOTES
### TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** Hinds, D

**TDCJ No.:** 923398

**Unit:** (NF)

| Date & Time | Notes |
|---|---|
| 1/4/1 w 0830 | S: BPV |
| | O) T: 01   P) 70   7) 98   B) 158/76, wt) 164 |
| | P) RTH |
| ✓ ke | A. Elizondo PCA |
| 1/5/01 P.SC ✓ | Chart Review for DP checks. Non compliant |
| | DP's upon visits to clinic visit. |
| | No AP F/U needed.   M. Ry, OK C |
| | order noted 1/5/01 0400   Ween RN WIENS |
| 1-8-01 ✓ ke 1215 | Pt. was no show for Iqud lvl. Consult MD. |
| | O) R/s Iqued lvl |
| V/O Dr. Kelly | S. West LVN/CCN |
| MD Sign. | |
| 1/8/01 1215 noted | S. West LVN/CCN |
| ✓ ke | Dan L. Kelley, M.D. |
| | DATE |
| | TIME 12:30   a.m./p.m. |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** Hinds, David

**TDCJ No.:** 823348

**Unit:** NM

| Date & Time | Notes |
|---|---|
| 12/28/00 | No show (ccc) |
| 12/28/00 | Reschedule |
| | Hmm |
| | S.ккб |
| 12-29-00 1445 | Above orders noted ———— A. Gomez ll A. GOMEZ, LVN |
| 1-2-01 10⁴⁰ | S) NSC for B/P ✓ O) Called down X3 no show P) Resch NSC for B/P ✓ ———— A. Gomez ✓ke |
| 1-3-01 | 0500: No Seg to of level per JTP   S. West LVN ссСNSW |
| 1/2/01 1815 | No show Reviewed Chart P ⊙ schedule in 30 ccc Seritine Hmm S.ккб |
| 1-3-01 1450 | Above orders noted — J Thivinglon ✓ke |

**CLINIC NOTES**
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
**INSTITUTIONAL DIVISION**

Name: Hinds David

TDCJ No.: 923348

Unit: _____

| Date & Time | Notes |
|---|---|
| 11-3-00 1700 | S) Here for B/P ✓ O) 118/66 P 63 - 20 ~ A) Denies S/S hyper/hypo tension P) Pt RTH.                    A Gomez LVN ✓ |
| 12-01-00 9:15 | S) NSC # BP cks. O) BP 124/78 P WHR 18 T96.1 WT152 — J. Paiz PCA A) BP 124/72 P) Pt RTH _____ J. Paiz PCA No Show. No F/U Needed |
| 12-14-00 1578 | S - F/U for BP ✓ which Appear normal. P - No BP ✓ or CCC F/U is not needed. Larry E. Grayson PA. 1296 |
| 12/19/00 1530 | Orders noted _____ S Bernal LVN |
| 11-10-00 | ℞ Tegretol 200 T P.O. B I D X 30 days signed 12-15-00 ℞ rechild for CCC signed |

Please sign each entry with status.    Orders noted. D. Vrazel RN
HSM - 1 (Rev. 5/92)                 0730 1/9/00 —

**Dan L. Kelley, M.D.**
DATE 12.120.00
TIME 1:00 a.m. p.m.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

**Name:** Hinds David

**TDCJ No.:** 923348

**Unit:** NH

| Date & Time | Notes |
|---|---|
| 9/7/00 10:34 | S) here for scheduled B/P ✓ <br> O) B/P 118/76  P. 62  T 98.6 R. 16  wt. 170 - M. Lopez PCA <br> A) HTN <br> P) RTH                    M. Lopez PCA |
| 9/25/00 | S) Was OCH to see MD/PA in CCC/Seizure <br> A) Was called down X 3  No show <br> P) V.O PA Berger        Maria Berger PA-C 09/25/00 <br> 1) Have patient RTC on 9/26/00 <br> A Gomez LVN |
| 9/30/00 | 1890C NSC rescheduled for B/P ✓          D. Wood R.N |
| 10/1/00 0830 | S) Here for BP ✓ <br> O) T-97² P-64 R-18  B/P- 128/80        L. Zdranek LVN |
| 11-1-00 1500 | S) Sch for B/P ✓ <br> O/A) Called out by security X3, No answer <br> P) Resch. NSC for B/P ✓          A Gomez <br> A. GOMEZ, LVN |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

J0174

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: _Hinds Danyl_
TDCJ No.: _92,3348_
Unit: _NH_

| Date & Time | Notes |
|---|---|
| 8/4/00 | 1050 S: Here to issue pass |
| 8/4/00 1180 DRN | P: B/P √'s passed RTU.  Alazo Evans  AEllzondo RN —  S. Bernal RN  **G. Bernal, L.V.N.** |
| 8-29-00 1310 DRN | S:) Scheduled for chart review F/U BP√'s.  O:) No BP√'s Recorded.  A:) HTN  P:) Reschedule BP √ ordered 7-19-00 —  ① month X 6 mos at risk  F/U 6 mos B/₂.  K Bottoms RN. |
| 9/1/00 545 YXN | S:) No show for B/ √  P:) Reschedule 1/X appt  (S)Rorington B)Rorington |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

J0174

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: Hinds

TDCJ No.: 923348

Unit: NH

| Date & Time | Notes |
|---|---|
| 7-17-00 1200 | No show for CCC/Education for seizures and or epilepsy.   S. West LVNCCA |
| 7.19.00 0855 | Chart for B.P. review. See flowsheet dated 7/3/00 to 7/10/00 + compare to flowsheet dated 6/9/00 to --6/14/00. Dx: Labile HTN. Recommend strict low sodium diet. BP's Q monthly X 6 sch NSC Chart review 6 mos       ___ DAC |
| 7/19/00 0945 above noted | J Cuellar RN 9C |
| 7/21/00 1020 | S) scr# 5906 C/o needs restrictions put on computer - P) "Restrictions ARE on computer as of 7-5-00 - Get c classification if you have AN inappropriate job" ____ KBattims RN |
| 8/1/00 1339 | S) No show to issue BP✓ pass P) Reschedule NSC for BP pass — CFlores LVN |

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: Hinds

TDCJ No.: 923348

Unit: NH

| Date & Time | Notes |
|---|---|
| 7/7/00 | 1200 S. SCR# c/o Arthritis pain knee down to feet causing swelling which makes it difficult to walk. Also inquiring about restrict- not change at all. Might have seizures d/t extreme heat. Has notified mother + attorney to file a ~~suit~~ neglegent and malpractice law-suit. P Discuss at sched med appt — B longer to— DGN |
| 7/14/00 | 100 chart review pt ~~rescheduled due to provider emergency~~ ———— T Sparks RN / T Sparks RN |
| 7/14/00 | 100 pt appt sched for 0830 NO showed for appt ———— T Sp T Sparks rn rescheduled per sick only ———— T Sparks rn DGN |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

# NURSING ASSESSMENT PROTOCOL
## FOR
## PSYCHIATRIC SYMPTOMS

Name: _Hinds Donid_ TDCJ#: _923348_ Date: _07/07/00_ Time: _9100_
Facility of Assignment: _C7-54-N#_ Work Assignment: _Hoe Squad #7_
Current Medications: _Tegretol_
Allergies: (Food, drug, other) _NKA_

---

Circle all items that are appropriate and/or complete all blanks.

**SUBJECTIVE DATA**

1. Significant medical and psychiatric history: _____
   _Just (16yrs) Saw Psychiatric_ _____

2. Patient's complaint: (circle as many as apply)

   Depressed _yes_    Assaultive _No_    Angry _yes_
   Agitated (excessive movement) _no_
   Elated (excessively happy) _no_
   Hallucinations _no_
   Other: _____

3. Date of onset: _3yrs Ago Stated_

4. Self injurious thoughts/behavior:
   Considering killing self          (N) Y
   Considering cutting self          (N) Y
   History of cutting                (N) Y
   History of suicide attempts       (N) Y
   When _____
   How _____

   Comments: _____
   _____
   _____

**OBJECTIVE DATA**

1. T _98_ P _4_ R _18_ B/P _152/80_

2. Current Behavior: (circle as many as apply)

   (Quiet)    Assaultive    (Agitated)
   Cursing    Threatening    (Depressed (looks sad))
   Anxious    Suicidal
   Homicidal (threatening to hurt someone)
   Responding to hallucinations
   Other: _____

3. Physical Appearance:
   (Clean)                Dirty
   Dressed appropriately  Unkept/Disheveled

4. Currently on psych medication?    (N) Y
   Compliance if known:
      Good        Moderate        Poor

5. History of psychiatric care?    N/(Y)
   _16yr of Age_

6. Previous psychiatric diagnosis: _Doesn't Know_
   _____

7. Previous crisis management admit: (N) Y
   When _____

   Inpatient admission:    (N) Y
   When _____

8. Is patient oriented to:
      Person          N/(Y)
      Place           N/(Y)
      Date            N/(Y)
      Time            N/(Y)

9. Attitude:
   (Cooperative)    Hostile          Demanding
   Guarded/Evasive  Uncooperative    Frightened
   Confused

10. Expression:
    Normal          (Sad)        Nervous
    Angry           Happy/Silly  Suspicious
    Bland/Blunt

11. Speech:
    (Normal)     Slow
    Rapid        Loud

12. Motor Activity:
    (Normal)     Slowed      Agitated/Restless

13. Eye Contact:
    (Good)       Poor

Comments. _____
_____
_____
_____

Cont'd on back

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** Hinds Donil

**TDCJ No.:** 923348

**Unit:** NH

| Date & Time | Notes |
|---|---|
| 07/07/00 2/00 | S) Called down for SCR Stating "he wanted to see psych before he hurt himself or someone because he can't get any sleep" |
| | O) T-98⁰⁰  P-64  R-18  B/p 152/80  wt-168 lbs Alert + Oriented x4. Skin W/D. Verbalized that he didn't mean, I'll hurt myself, I am not crazy-I don't sleep @ nite-walks throughout the nite in Dorm because he can't sleep + the officers told him to see psych. Denies going to harm self / |
| | A) Alteration — in Comfort. |
| | P) Pt. education noted Pass given to return to medical - psych Department Mon — 7/10/00 @ 10ᵃᵐ — for Psych Evaluation. RN/RTC PRN                    ___ Stevens R |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

# NURSING ASSESSMENT PROTOCOL
## FOR
### MUSCULOSKELETAL SYMPTOMS

Name: _Henien David_    TDCJ#: _92 3348_    Date: _7/7/00_    Time: _1500_
Facility of Assignment: _NH_    Work Assignment: _Hoe Squad_
Current Medications: _Carbamazepin 1 tab BID QD_
Allergies: (Food, drug, other) _NKDA_

Circle all items that are appropriate and/or complete all blanks.

## SUBJECTIVE DATA

1. Significant medical history: _Many Years off-on change in weather_
2. Pain:
   Location _Rt Leg & Hip_  Onset _1 wk_
   Frequency _____ Duration _____
   Radiation _N/O_  Where: _____
   Intensity: Mild — (Moderate) Severe
3. Precipitating factors _Change in Weather Walking_
4. Recent trauma? _Car accident '94_ N/(Y)
   Surgery? N/Y
   Strenuous Physical Activity? (N)/Y
5. History similar problem? (N)/Y
   What was done then? _N/A_
6. History of arthritis? N/(Y)
7. Family history: _Mother, Grandmother_

3. Movement: (Normal)    Guarded
4. Posture: (Normal) Erect Guarded
   Tilts to right    Tilts to left
   Sits easily    Sits w/difficulty
5. Gait: (Normal) Limp Guarded
6. Peripheral Pulses:
   |  | Right | Left |
   |---|---|---|
   | Radial | (Present) Absent | Present Absent |
   | Dorsalis Pedis | (Present) Absent | Present Absent |
7. Dipstick UA:
   Leukocytes ___ Nitrites ___
   Urobilinogen ___ Protein ___
   pH ___ Blood ___
   Sp. Gr. ___ Ketones ___
   Bilirubin ___ Glucose ___

Comments. _____

## OBJECTIVE DATA

1. T _Self Chart_ R ___ B/P ___
2. Joints. Normal Stiffness Redness
   Hot (Swelling) _Lt ankle_
   Range of Motion  Affected Joint(s)

   |  | Full | Limited | Absent |
   |---|---|---|---|
   | Right Leg | ✓ | | |
   | Left Leg | ✓ | | |
   | Right Arm | ✓ | | |
   | Left Arm | ✓ | | |
   | Neck | ✓ | | |
   | Back | | | |
   | Anteflexion | | | |
   | Dorsiflexion | | | |
   | L. Lat Flexion | | | |
   | R Lat Flexion | | | |

### NURSING ACTION:

If based upon your collection of the above data, a registered nurse's professional judgement is required or you have any question about how to proceed, you must consult with a registered nurse while the patient is still on site. Otherwise, proceed with protocol.

Refer to Physician/Midlevel Practitioner if
- Acute onset with loss of motion or function
- Difficulty walking, numbness or severe pain, accompanying abdominal pain, abnormal vital signs, dark or bloody urine, temperature greater 101 F
- Suspected fracture

Cont'd on back

HSN-17 (rev 10/98) Front

# CLINIC NOTES
### TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

**Name:** Hindo
**TDCJ No.:** 933348
**Unit:** NH

| Date & Time | Notes |
|---|---|
| 7·6·00<br>1110 | SCR 3937 Pain Seizures<br>NSC - Schedule.<br>R. St. Denis RN |
| 7/7/00<br>1500 | S/ NSC #3937 Back, leg pain seizures.<br>0) T-99⁴ 71-16  B/P 138/88  wt. 188.<br>a) Attention in comfort; & problems c̄ seizures<br>P) SN-17- Instruction/med issue per protocol<br>Schedule c̄ med provider for further<br>eval. leg & Back pain.  S Bernal<br>G. Bernal, L.V.N. |

Please sign each entry with status.

HSM · 1 (Rev. 5/92)

J0171

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: Hinds, David

TDCJ No.: 92.33 48

Unit: N M

| Date & Time | Notes |
|---|---|
| | Offender is "FREE" of infectious disease or ectoparasitic infestation in a form that can be transmitted to others while performing barbering duties. |
| 7/6/00 9:00 | S) here for barber physical — O) wt. 150    T. 97.7    B/P 170/94 P.62 R 20 - M. Lopez PCA |
| 7/6/00 0910 | 1) B/P monitor QD x M 2) chart review in 10 3) No barber until B/P Problem resolved ,Hinds S.Lee |
| | Orders noted ———————— K. Luong LVN IM |

Please sign each entry with status

HSM - 1 (Rev 5/92)

**CLINIC NOTES**
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
**INSTITUTIONAL DIVISION**

Name: _Binds, David_

TDCJ No.: _923348_

Unit: _____ _NH_

| Date & Time | Notes |
|---|---|
| 6-19-00 12:45 | Schedule NSC to issue Pass. |
| | R. Johnson WardClerk |
| 6-21-00 | 1) NSC to issue pass for BP ✓ |
| | 2) Pass issued and instruction given. Pt verbal |
| | understanding ——— S. Hernandez LVN |
| | S. Hernandez LVN |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)                                                                J0174

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** Hinds, David

**TDCJ No.:** 923348

**Unit:** _____

| Date & Time | Notes |
|---|---|
| 6-14-00 0645 | At next Chronic Care Visit Retest U/A. Talk c Dr. Colby. |
| | Larry E. Horpon PA-00068 |
| 6/14/00 1030 | Noted          R. St. Denis RN |
| 6.19.00 11:00 | Chart review for BP's. See flowsheet. Dr. Mild HTN. ~~Remove~~ Recommend strict low Sodium diet x 6 mo. Monitor BP Q weekly x 8 6mo Review chart 10 wks. |
| | a Palacio RNC |
| 6/19/0 1130 | orders noted    S Bernal LVN **G. Bernal, L.V.N.** |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

# CLINIC NOTES
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
**INSTITUTIONAL DIVISION**

Name: Hinds, David

TDCJ No.: 923348

Unit: N H

| Date & Time | Notes |
|---|---|
| 6/15/00<br>1039 | S.    HERE FOR EKG |
| | O.    AGE: 23  HEIGHT: 73  WEIGHT: 155 |
| | A.    12 LEAD EKG DONE.    PATIENT TOLERATED WELL. |
| | P.    RESULTS POSTED IN CHART AND ROUTED TO MD/PA FOR REVIEW. |
| | PATIENT RETURNED TO HOUSE -------------------- D Jones PA<br>DJONES PA |

Please sign each entry with status

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: _____ _Dunbar_

TDCJ No.: _____ 923348

Unit: _____ _NH_

| Date & Time | Notes |
|---|---|
| 6 1 20 0900 | S:  HIV High Risk Screening |
| | O:  Age 23 |
| | _TB Class_ ② |
| | A:  HIV Testing _completed profile_ |
| | P:  1)  HSM-82 completed |
| | 2)  Pre-conseling done per TDCJ Guidelines |
| | 3)  Safe Sex Encourged with Abstinence while in TDCJ |
| | 4)  Verbalized understanding |
| | CRISTI L. CARRION, LVN/CID  _H_ |

MINOS, DAVID WASHINGTON
RACE B 9/3 M DOB 7-14-78
DATE REC'D 06/09/00
DATE EXAM'D

**Name:** Minos, David

**TDCJ No.:** 11-6-76

**Unit:** NH

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

| Date & Time | Notes |
|---|---|
| 6 8 00 | Here for intake.  See HSM 4. |
| 0900 | Chronic care clinic: |

Chronic care clinic:

☑ HTN hx    ☐ NIDDM    ☑ Seizure/Epilepsy

☐ CAD    ☐ IDDM    ☐ Asthma/COPD

Baselines as indicated:

☑ CXR    ☑ CBC,SMAC24,UA,VA    ☐ HGBA₁C

☑ EKG    ☐ Dilantin    ☐ Phenobarbitol

☑ Tegretol    ☐ Depakote    ☐ Theophylline

Miscellaneous Labs:

Intake ifm:

☐ Accu checks:3 x wk. x 3 wks.    ☐ BID x 30 dys.

☑ B/P checks:3 x wk. x 3 wks. SMO    ☐ BID x 7 dys.

Refer to:   ☐ psych    ☑ ccc nurse    ☑ Sch. with MD/PA

Medications:

Tegretol 300 mg ⊺ tab PO QD X 30 days.

V/O MD/Pa: Dr Kelly  Karen Theuing LVN  LT

MD/PA Sign

noted  Karen Theuing LVN  LT

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

HINDS, DAVID WASHINGTON
RACE B SEX M DOB 11 C -78
C       C       HINDS , DAVID /08/00
DATE EXAMINED   06/13/00

**CLINIC NOTES**
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**INSTITUTIONAL DIVISION**

**Name:** _____

**TDCJ No.:** _____

**Unit:** _____

| Date & Time | Notes |
|---|---|
| 6/8/00 1520 | HERE FOR INTAKE SEE HSM-4   A Phillips Lvn |

Please sign each entry with status.

HSM - 1 (Rev 5/92)