United States District Court
Southern District of Texas
FILED

MAY 23 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DAVID HINDS | § |
| | § |
| V. | § CIVIL ACTION NO: B-02CV111 |
| | § |
| WARDEN DAVID FORREST, | § |
| UNIT HEALTH ADMINISTRATOR, | § |
| LOUANN COLLINS, and | § |
| UNIT M.D. DR. DESAI | § |

## JOINT FINAL PRETRIAL ORDER

This cause came before the court at a pre-trial management conference held on July 2, 2003, pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**1.   APPEARANCE OF COUNSEL**

Plaintiff:

   David W. Hinds, *Pro Se*

Defendants:

   Robert D. Davis
   Flowers, Davis, P.L.L.C.
   815 Rice Road
   Tyler, Texas 75703
   (903) 534-8063
   (903) 534-1650 Facsimile

**2.   STATEMENT OF THE CASE**

Plaintiff complains that his constitutional rights were violated when he was denied proper medical care by Defendants while incarcerated at the Willacy State Jail Facility where he was serving his sentence as a convicted felon. Defendants deny Plaintiffs' claims and assert that they are entitled to qualified immunity from suit.

3. **JURSIDICTION**

This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331.

4. **MOTIONS**

Defendants' Motion for Summary Judgment is pending.

5. **CONTENTIONS OF THE PARTIES**

1. Plaintiff:

Plaintiff alleges that Defendants failed to provide him with adequate care for his medical needs.

2. Defendants:

Defendants contend that Plaintiff received not only reasonable medical care, but excellent medical care while he was at the facility. He was promptly seen by medical staff and treated appropriately in every situation. The fact that Plaintiff may have preferred some other type of medical treatment, or the fact that he disagreed with the medical treatment provided, is not sufficient to establish any type of constitutional claim. Even if Plaintiff could establish a constitutional violation, Defendants assert that they are entitled to qualified immunity from suit because they were acting within the course and scope of their employment and performing discretionary duties in good faith. Defendants did not violate constitutional or statutory rights of which a reasonable person would have known.

6. **ADMISSIONS OF FACT**

A) On January 30, 2002, Mr. Hinds complained of ankle pain associated with playing basketball. B) He was seen in Triage by the nursing staff within twenty minutes of the injury. C) He complained of a similar injury to the same area approximately one month before the January 30, 2002 injury. D) Dr. Desai was notified of the incident at that

time, and he told the staff to set up x-rays, apply an ace wrap to the left ankle, provide the inmate with crutches, apply ice to the area for 24 hours, prescribe Tylenol for pain and stay in from recreation for three months. E) X-rays were taken of Mr. Hines' left ankle, and the x-rays were normal. F) The x-rays were reviewed and interpreted by Dr. Harry Batters, M.D.

G) Mr. Hinds then requested to see a doctor on January 1, 2002. He was seen by Dr. Desai that day. In addition to the treatment noted above, Mr. Hinds was taken off of work for three months.

H) On February 13, 2002, Mr. Hinds again complained of left ankle pain, and Dr. Desai examined him that same day. No swelling or tenderness was found during the examination, and the examination of the ankle was normal.

I) On March 27, 2002, Mr. Hinds again complained of left ankle pain and also complained of foot pain. k) Dr. Desai again examined Mr. Hinds. There was no swelling or deformity found during the examination. His gait was normal and he was able to bear weight on the ankle. The examination of the ankle was normal.

J) On April 9, 2002, Mr. Hinds complained that he had misplaced his ankle brace and arch support. The items could not be located, and he was given another ankle brace and arch support by J. Medina, a licensed vocational nurse at the facility.

K) On April 11, 2002, Mr. Hinds again complained of left ankle pain. Dr. Desai examined him again and found that there was no swelling. His range of motion was normal and there was no fracture or dislocation. At that time there was no indication for any medication. The examination of the ankle was normal.

L) On April 23, 2002, Mr. Hinds again complained of left ankle pain. Dr. Desai examined him again on April 24, 2002.

M) On May 17, 2002, Mr. Hinds again complained of left ankle pain. Dr. Desai was on vacation at that time, so Mr. Hinds was examined by Dr. J.D. Thompson, M.D. Dr. Thompson noted that his previous x-ray was normal. Dr. Thompson examined Mr. Hinds left ankle, and there was no swelling. Mr. Hinds had full range of motion. Dr. Thompson noted that there was no need to add any additional restrictions and prescribed ibuprofen for ten days. That concludes Mr. Hinds medical history at the Willacy unit for complaints relating to his left ankle and/or foot.

N) The facility averages one thousand sixteen inmates (1016) inmates. On medical staff at the present time, the facility has one full time physician, an HSA (health services administrator), seven registered nurses, seven LVNs, several dental technicians and two records clerks, as well as a contract dentist and a contract mental health professional. There is medical staff on duty constantly at the facility An inmate can fill out a slip for sick call whenever he has a need, and the sick call slips are picked up daily. Additionally, an inmate can do a "walk-in" where he receives immediate attention.

7. **CONTESTED ISSUES OF FACT**

   A) Whether Plaintiff's Eighth Amendment Right was violated.

   B) Whether the individual Defendants are entitled to qualified immunity.

   C) Damages, if any.

8. **AGREED PROPOSITIONS OF LAW**

To prevail on an Eighth Amendment claim for deprivation of medical care, a prisoner must prove that care was denied and that such denial constituted a "deliberate indifference

to serious medical needs, constituting unnecessary and wanton infliction of pain." *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985) (citing *Estelle v. Gamble*, 97 S. Ct., 285, 291 (1976)).

Defendants assert that they are entitled to qualified immunity from suit because they were acting within the course and scope of their employment and performing discretionary duties in good faith. Defendants did not violate constitutional or statutory rights of which a reasonable person would have known.

**9.   CONTESTED PROPOSITIONS OF LAW**

None

**10.  EXHIBITS**

    A)   Plaintiff:

        None

    B)   Defendant:

        1.   Plaintiff's medical records

        2.   Plaintiff's inmate file

**11.  LIST OF WITNESSES**

    A)   Plaintiff will call:

        No witnesses listed.

    B)   Defendants will call:

1.   Warden David Forrest
2.   Lou Ann Collins
3.   Dr. Janak Desai
    c/o Robert S. Davis
    815 Rice Road
    Tyler, Texas 75703

    C)   Defendants may call:

1.  Albert Chiuminetta
    Wackenhut Corrections Corporation
    1701 Directors Boulevard
    Austin, Texas 78744

2.  Dr. J.D. Thompson
3.  J. Medina, LVN
4.  M. Johnson, LVN
5.  A. Elizondo, PCA
6.  Dan L. Kelly, M.D.
7.  S. West, LVN
8.  A. Gomez, LVN
9.  J. Paiz, PCA
10. G. Bernal, LVN
11. D. Wreid, RN
12. L. Zhercenek, LVN
13. J. Cuellar, RN
14. C. Flores, LVN
15. T. Sparks, RN
16. R. St. Denis, RN
17. Karen Thwing, LVN
18. R. Johnson, Ward Clerk
19. S. Hernandez, LVN
20. D. Jones, PCA
21. Christi L. Carrion, LVN
22. A. Phillips, LVN
    Willacy County State Jail
    1695 South Buffalo Drive
    Raymondville, Texas 78580

23. Lonnie Clay, #1061048
24. Robert Freeman, #464000
25. Sidney M. Vallie, #576106
    Willacy County State Jail
    1695 South Buffalo Drive
    Raymondville, Texas 78580

26. Harry Butters, M.D.
    Valley Radiologists & Associates
    1620 North Ed Carey Drive
    Harlengin, Texas 78550

## 12. SETTLEMENT

The case cannot be settled and will have to be tried.

**13. TRIAL**

One day

**14. ATTACHMENTS**

A) Proposed Jury Instructions

Approved as to form and substance:


**FLOWERS & DAVIS, P.L.L.C.**
815 Rice Road
Tyler, Texas 75703
Telephone: (903) 534-8063
Facsimile: (903) 534-1650

By: /s/ Robert S. Davis (by permission)
Robert S. Davis
State Bar No. 05544200

**ATTORNEYS FOR DEFENDANTS**


This Joint Final Pre-Trial Order is hereby approved this the ____ day of _____, 2003.


_____
Honorable Felix Recio
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID HINDS | § | |
| | § | |
| V. | § | CIVIL ACTION NO: B-02CV111 |
| | § | |
| WARDEN DAVID FORREST, | § | |
| UNIT HEALTH ADMINISTRATOR, | § | |
| LOUANN COLLINS, and | § | |
| UNIT M.D. DR. DESAI | § | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Warden David Forrest, Lou Ann Collins and Dr. Desai, file this their proposed jury instructions in the above case. See attached.

Respectfully submitted,

FLOWERS DAVIS, P.L.L.C.
815 Rice Road
Tyler, Texas 75703
(903) 534-8063
(903) 534-1650 Facsimile

/s/ Robert S. Davis (by permission)
ROBERT S. DAVIS
State Bar No. 05544200
Federal ID No. 27598
**ATTORNEYS FOR DEFENDANTS**

## Defendants Requested Jury Instruction No. 1 - General Instructions for Charge

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are only intended to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By that is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but

not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatever that the act was done in this case. However, you may consider evidence of similar acts for the limited purpose of showing a person's motive, opportunity, intent, knowledge, plan, identity, or absence of mistake or accident which is at issue in this case. Such evidence may not be considered for any other purpose whatsoever. You can't use it to reflect on a person's character.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness'

credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the

expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Presiding Juror and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the court has given you concerning your conduct during the trial. After you have reached your unanimous verdict, the Presiding Juror is to fill in your answers to the written questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you desire to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After the jury has reached a verdict, jurors are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.[1]

( ) Given     ( ) Given as modified    ( ) Refused

_____              _____
Date                                      Honorable Felix Recio,
                                          Presiding Magistrate Judge

---

[1] United States Court of Appeals, Fifth Judicial Circuit Pattern Jury Instructions, Civil Cases § 3.1 (1999).

## Defendants Requested Jury Instruction No. 2 - Burden of Proof

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.[2]

( ) Given     ( ) Given as modified     ( ) Refused

_____                    _____
Date                                          Honorable Felix Recio,
                                              Presiding MagistrateJudge

---

[2] United States Court of Appeals, Fifth Judicial Circuit Pattern Jury Instructions, Civil Cases § 2.20 (1999).

## Defendants Requested Jury Instruction No. 3
## General Instruction - Civil Rights Claim

Plaintiffs' Civil Rights Claims Under 42 U.S.C. § 1983

Plaintiff in this action claims that Defendants intentionally violated his Eighth Amendment Rights. Plaintiff claims the Defendants were deliberately indifferent to Plaintiff's serious medical needs, and that such deliberate indifference to his rights and was a proximate cause of his damages while detained in a jail facility.

To prevail on an Eighth Amendment claim for deprivation of medical care, a prisoner must prove that care was denied and that such denial constituted a "deliberate indifference to serious medical needs, constituting unnecessary and wanton infliction of pain." *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985) (citing *Estelle v. Gamble*, 97 S. Ct., 285, 291 (1976)).

To prevail on a claim alleging deliberate indifference to serious medical needs of a prisoner, the plaintiff must plead facts showing an unnecessary and wanton infliction of pain prescribed by the Eighth Amendment. See *Johnson*, 759 F.2d at 1238. The facts underlying a claim of deliberate indifference must clearly evidence the medical need in question and the alleged official dereliction. *Id.* at 1238 (citing *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981)). The legal conclusion of deliberate indifference, therefore, must rest on facts clearly evidencing wanton actions on the part of the defendants. *Id.* at 1238. As stated in Johnson, the Supreme Court defined the common law meaning of wanton in some detail:

> Wanton means reckless -- without regard to the rights of others . . ..
> Wantonly means causelessly without restraint, and in reckless disregard to
> the rights of others. Wantonness is defined as a licentious act of one man
> towards the person of another, without regard to his rights; it has also been

*Page 8 of 13*

> defined as a conscious failure of one charged with the duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with the knowledge of such peril, and being conscious of the inevitable or probable results of such failure.

*Id.* at 1238; *see also Walker v. Butler*, 967 F.2d 176 (5th Cir. 1992). Finally, mere negligence, neglect, or medical malpractice is insufficient to state a claim. *Graves v. Hampton*, 1 F.3d 315 (5th Cir. 1993); *Mendoza v. Lynaugh*, 889 F.2d 191 (5th Cir. 1993); *Field v. Bosshard*, 590 F.2d 105 107 (5th Cir. 1979).

If you find that the plaintiff has proven his claim, you must then consider the defendants' defense that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that the defendants are therefore not liable.

Even if the Plaintiff has been able to establish such a constitutional violation, the individual Defendants may be entitled to qualified immunity from suit. If you find that Defendants are entitled to qualified immunity, you must find that the Defendants are not liable.

## Defendants Requested Jury Interrogatory No. 1
## General Instruction - Damages

Damages

If the plaintiff has proven his claims, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether the defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that any defendant is liable and that the Plaintiff is entitled to recover money from one or more defendants.

If you find that a defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiffs whole, or to restore them to the position they would have been in if the incident had not occurred.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence. Some of these damages, such as mental or physical pain and suffering, are intangible things

about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiffs for their injuries.

Any award you make to the plaintiffs is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiffs are entitled to receive without considering the effect of taxes upon it.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You must not award compensatory damages more than once for the same injury. For example, if the plaintiffs prevail on two claims and establish a dollar amount for their injuries, you must not award them any additional compensatory damages on each claim. The plaintiffs are only entitled to be made whole once, and may not recover more than they have lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiffs fully for all of their injuries.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Presiding Juror and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the court has given you concerning your conduct during the trial. After you have reached your unanimous verdict, the Presiding Juror is to fill in your answers to the written questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you desire to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond- as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After the jury has reached a verdict, jurors are not required to talk with anyone about thecase unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

_____
FOREPERSON

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon counsel of record in the above entitled and numbered cause this the 22nd day of May, 2003, in the following manner:

___ Via Facsimile

✓ Via Certified Mail, Return Receipt Requested _____

___ Via First Class Mail

___ Via Hand Delivery

_____
Robert S. Davis  (by permission)